SNYDER, APPELLANT, *v.* AMERICAN FAMILY INSURANCE COMPANY, APPELLEE.

[Cite as *Snyder v. Am. Family Ins. Co.,* 114
Ohio St.3d 239, 2007-Ohio-4004.]

240

**CUPP, J.**

{¶ 1} This case presents two issues for resolution. The first issue is whether the 2001 amendment to Ohio's uninsured- and underinsured-motorist coverage law, R.C. 3937.18, contained in Am.Sub.S.B. No. 97, 149 Ohio Laws, Part I, 779, 779–786, effective Oct. 31, 2001 ("S.B. 97"), permits a motor vehicle insurance policy to exclude claims for uninsured-motorists benefits when the tortfeasor is statutorily immune from liability. If the answer to this first question is "yes," then the second issue we must address is whether an insurance policy that restricts coverage to amounts that the insured is "legally entitled to recover" from the uninsured motorist unambiguously provides that coverage will be denied when the uninsured tortfeasor is protected by a statutory immunity.

{¶ 2} For the reasons that follow, we conclude that R.C. 3937.18 does not prohibit enforcement of a policy that excludes claims for uninsured-motorist benefits when the tortfeasor is statutorily immune from liability. We also conclude that policy language restricting uninsured-motorist coverage to those amounts the insured is "legally entitled to recover" from the tortfeasor owner or operator of an uninsured motor vehicle unambiguously denies coverage for injuries caused by uninsured motorists who are immune from liability under R.C. Chapter 2744 or R.C. 4123.741. Accordingly, we affirm the judgment of the court of appeals.

I

A

{¶ 3} On November 2, 2002, appellant, Jennifer Snyder, a Columbus police officer, along with several other Columbus police officers, pursued a fleeing suspect during an emergency call. Snyder was on foot. A police cruiser driven by Officer Castro hit Snyder. The impact threw Snyder onto the hood of the cruiser and into the windshield. The parties do not dispute that Castro was negligent and that Snyder sustained injuries as a result of that negligence.[1]

{¶ 4} After her injury, Snyder submitted to appellee, American Family Insurance Company, a claim for uninsured-motorist benefits pursuant to her personal motor vehicle liability insurance policy. Snyder's policy with American Family

---

1. Snyder's summary judgment motion in the trial court indicated that Snyder received workers' compensation benefits for her injury.

provided uninsured-motorist coverage of $100,000 per person and $300,000 per occurrence. That policy had first become effective on October 19, 2001. A renewal of the policy, dated October 19, 2002, was in force on the date of Snyder's injury.

{¶ 5} The pertinent language of the American Family policy provided: "[American Family] will pay compensatory damages for **bodily injury** which an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle**." (Boldface sic.) American Family denied coverage.

B

{¶ 6} Snyder sued American Family to recover uninsured-motorist benefits under the policy. Snyder argued that she was entitled to coverage because R.C. 3937.18 includes persons who have "immunity under Chapter 2744. of the Revised Code" within its definition of "uninsured motorists." See R.C. 3937.18(B)(5). Additionally, the statute, as amended in 2001, no longer requires the insured to be "legally entitled to recover" from the tortfeasor. American Family argued in the courts below that Snyder was not "legally entitled to recover" from either Officer Castro or the city of Columbus, as required by the policy, because of the tortfeasors' statutory immunity.

{¶ 7} It is not disputed that the city and Officer Castro are immune from liability under R.C. Chapter 2744, Ohio's Political Subdivision Tort Immunity Act. Specifically, the parties do not dispute that the city is immune under R.C. 2744.02(B)(1)(a),[2] which provides a defense to liability if the claimant's injury occurred as a result of a police officer responding to an emergency call. Nor is it disputed that Officer Castro is immune from liability under R.C. 2744.03(A)(6),[3]

---

2. {¶ a} At the time of Snyder's injury, R.C. 2744.02(B) provided:

{¶ b} "(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees upon the public roads, highways, or streets when the employees are engaged within the scope of their employment and authority. The following are full defenses to that liability:

{¶ c} "(a) A member of a municipal corporation police department or any other police agency was operating a motor vehicle while responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct." 2001 Sub.S.B. No. 108, 149 Ohio Laws, Part I, 382, 462.

3. {¶ a} At the time of Snyder's injury, R.C. 2744.03 provided:

{¶ b} "(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:

{¶ c} " * * *

{¶ d} "(6) [T]he employee is immune from liability unless one of the following applies:

because Castro was within the scope of her employment when the injury occurred. There is also no dispute that Officer Castro is immune from liability under R.C. 4123.741, the fellow-servant immunity statute. The fellow-servant immunity statute precludes an employee from bringing suit against a fellow employee for injury incurred in the course and scope of the injured employee's employment when the injury is compensable under the workers' compensation statutes. See R.C. 4123.741.[4]

{¶ 8} The trial court granted Snyder's motion for partial summary judgment and denied American Family's motion for summary judgment. Rejecting American Family's argument that an earlier version of R.C. 3937.18 applied, the trial court applied the 2001 version of the statute.[5] The trial court then held that the city of Columbus and Officer Castro were "uninsured motorists" as defined in R.C. 3937.18(B)(5), because they had immunity under R.C. Chapter 2744. The trial court further ruled that R.C. 3937.18 protected Snyder from being denied uninsured-motorist benefits on the basis that she was not "legally entitled to recover" from the city and Officer Castro. The trial court opined that it would be illogical for an uninsured-motorist policy to preclude recovery based on an immunity defense, because the 2001 statute specifically includes tortfeasors "immune under R.C. Chapter 2744" within the definition of "uninsured motorist." See R.C. 3937.18(B)(5).[6] The parties stipulated to the amount of Snyder's damages, and the trial court entered final judgment for Snyder.

---

{¶ e} "(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities* * *." 2001 Sub.S.B. No. 108, 149 Ohio Laws, Part 1, 463–464, Section 2.03.

4. {¶ a} The 2001 version of R.C. 4123.741, which remains current, provides:

{¶ b} "No employee of any employer, as defined in division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code."

5. American Family did not contest that ruling on appeal, and indeed, stipulated before the court of appeals that the 2001 version of R.C. 3937.18 applied. The court of appeals applied the 2001 version of the statute. Both parties base their arguments in this court on the 2001 version of the statute. Accordingly, for the purpose of this appeal, we apply the 2001 statute.

6. American Family also argued in the courts below that the city was not an uninsured motorist because the city is self-insured, and so is excluded from the definition of "uninsured motorist" in R.C. 3937.18(B). The common pleas court rejected that argument, and the court of appeals declined to address that issue. See *Snyder v. Am. Family Ins. Co.,* Franklin App. No. 05AP–116, 2005-Ohio-6751, 2005 WL 3484221, at ¶ 14. That issue is not before us on this appeal, and accordingly, we do not address it.

{¶ 9} On appeal, the Franklin County Court of Appeals reversed. It ruled that R.C. 3937.18 as amended in 2001 did not preclude insurers from limiting uninsured-motorist coverage to amounts that the insured was legally entitled to recover from the tortfeasor. *Snyder v. Am. Family Ins. Co.*, 10th Dist. No. 05AP–116, 2005-Ohio-6751, 2005 WL 3484221, ¶ 21–25. The court of appeals reasoned that "[t]he fact that the legislature removed its own 'terms and conditions that preclude coverage' from the statute does not mean that no such terms and conditions are permitted to be placed in policies with UM coverage." Id. at ¶ 22.

{¶ 10} The appeals court concluded that R.C. 3937.18(I), which permits policies to exclude claims for uninsured-motorist coverage under specified circumstances, "[left] to the parties whether any preconditions or exclusions to coverage will govern their relationship." Id. As applied to the present case, the appellate court ruled that the policy's "legally entitled to recover" provision required that the insured must be able to obtain a judgment against the tortfeasor. Id. at ¶ 23. Because Snyder could not recover against Columbus or Officer Castro due to their immunity under R.C. Chapter 2744 (as to both tortfeasors) and R.C. 4123.741 (as to Officer Castro), Snyder failed to meet the policy's "legally entitled to recover" precondition to coverage. Id. at ¶ 18, 23, and 25.

{¶ 11} Snyder appealed the court of appeals' judgment to this court, and we granted review.

{¶ 12} In this court, Snyder asserts that the term "legally entitled to recover" as used in American Family's policy is void because it contradicts the terms of the statute, the 2001 version of R.C. 3937.18. Snyder's second contention is that the phrase "legally entitled to recover," which is undefined in the policy, is ambiguous and must therefore be construed narrowly and in favor of the insured. Snyder's third proposition is that because the tortfeasors herein qualify as "uninsured motorists" under the statutory definition of R.C. 3937.18(B)(5), Snyder is entitled to recover uninsured-motorist benefits under the policy. For clarity of analysis, we address Snyder's first and third propositions together.

II

A

{¶ 13} The General Assembly extensively amended R.C. 3937.18 in 2001, in S.B. 97.[7] For example, before S.B. 97, the statute required insurers to offer

---

7. {¶ a} R.C. 3937.18, as amended in 2001, provides:

{¶ b} "(A) Any policy of insurance delivered or issued for delivery in this state with respect to any motor vehicle * * * that insures against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor

uninsured- and underinsured-motorist coverage to all persons who obtained motor vehicle liability insurance policies in Ohio. See, e.g., former R.C. 3937.18, 148 Ohio Laws, Part V, 11380.

1

{¶ 14} Among the significant changes in the 2001 amendment was the removal of the requirement that insurers must offer uninsured- or underinsured-motorist coverage to persons purchasing motor vehicle liability insurance. Instead, the law now provides that an insurer "may, but is not required to," include uninsured-motorist coverage or underinsured-motorist coverage, or both, in a motor vehicle policy. See R.C. 3937.18(A). The General Assembly expressly stated that its intention was to eliminate the mandatory offering of uninsured- and underinsured-motorist coverage and the imposition of any such coverage implied as a matter of law. See S.B. 97, Sections 3(B)(1), (2), and (4), 149 Ohio Laws, Part I, 779, 788–789.

{¶ 15} Additionally, the 2001 statute for the first time permits policies with uninsured-motorist coverage to limit or exclude coverage under circumstances that are specified in the policy even if those circumstances are not also specified in the statute. See R.C. 3937.18(I). Division (I) of the statute provides: "Any

---

vehicle, may, but is not required to, include uninsured motorist coverage, underinsured motorist coverage, or both uninsured or underinsured motorist coverages.

{¶ c} "* * *

{¶ d} "(B) For purposes of any uninsured motorist coverage included in a policy of insurance, an 'uninsured motorist' is the owner or operator of a motor vehicle if any of the following conditions applies:

{¶ e} "(1) There exists no bodily injury liability bond or insurance policy covering the owner's or operator's liability to the insured.

{¶ f} "(2) The liability insurer denies coverage to the owner or operator, or is or becomes the subject of insolvency proceedings in any state.

{¶ g} " * * *

{¶ h} "(4) The owner or operator has diplomatic immunity.

{¶ i} "(5) The owner or operator has immunity under Chapter 2744. of the Revised Code.

{¶ j} "An 'uninsured motorist' does not include the owner or operator of a motor vehicle that is self-insured within the meaning of the financial responsibility law of the state in which the motor vehicle is registered.

{¶ k} "* * *

{¶ l} "(D) With respect to the uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages included in a policy of insurance, an insured shall be required to prove all elements of the insured's claim that are necessary to recover from the owner or operator of the uninsured or underinsured motor vehicle.

{¶ m} "* * *

{¶ n} "(I) Any policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under specified circumstances, including but not limited to any of the following circumstances * * *."

policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under specified circumstances, *including but not limited to* any of the following circumstances: \* \* \*." (Emphasis added.) R.C. 3937.18(I). Eliminating the mandatory coverage offering and simultaneously permitting the parties to agree to coverage exclusions not listed in the statute provide insurers considerable flexibility in devising specific restrictions on any offered uninsured- or underinsured-motorist coverage. See also S.B. 97, Section 3(B)(3), 149 Ohio Laws, Part I, 788–789 (General Assembly expressed its intention to "[p]rovide statutory authority for the inclusion of exclusionary or limiting provisions in uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages").

{¶ 16} The 2001 act also lists several conditions in which an owner or operator of a motor vehicle is considered an "uninsured motorist." See R.C. 3937.18(B). One of those conditions is that an owner or operator (tortfeasor) is considered uninsured if he is immune from liability under the Political Subdivision Tort Liability Act. See R.C. 3937.18(B)(5). Moreover, an insured is required under the statute "to prove all elements of the insured's claim that are necessary to recover from the owner or operator of the uninsured or underinsured motor vehicle." R.C. 3937.18(D). Finally, the 2001 statute eliminated the requirement in former R.C. 3937.18(A) that insureds must be "legally entitled to recover" from their tortfeasors and the provision that coverage is not precluded when the tortfeasor is statutorily immune from liability under R.C. Chapter 2744. Compare R.C. 3937.18 with former R.C. 3937.18(A)(1), 148 Ohio Laws, Part V, 11380, 11380–11381.

2

{¶ 17} Until 1994, the uninsured-motorist statute included, but did not define or otherwise qualify, the phrase "legally entitled to recover." [8] In 1990, this court in *State Farm Mut. Auto. Ins. Co. v. Webb* (1990), 54 Ohio St.3d 61, 562 N.E.2d 132, construed the phrase "legally entitled to recover" under the version of R.C. 3937.18 then in effect, together with similar language in an insurance contract. The version of R.C. 3937.18(A)(1) then effective required uninsured-motorist coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor

---

8. See 1965 Am.Sub.H.B. No. 61, 131 Ohio Laws, 965–966; Am.H.B. No. 1, 132 Ohio Laws, Part I, 1351; 1970 Am.H.B. No. 620, 133 Ohio Laws, Part III, 2446, 2447–2448; 1975 Am.S.B. No. 25, 136 Ohio Laws, Part I, 57, 57–59; 1976 Am.Sub.S.B. No. 545, 136 Ohio Laws, Part I, 1075, 1095; 1980 Am.Sub.H.B. No. 22, 138 Ohio Laws, Part I, 1458, 1459; 1982 Am.H.B. No. 489, 139 Ohio Laws, Part II, 2936–2938; 1987 Am.Sub.H.B. No. 1, 142 Ohio Laws, Part I, 1661, 1739–1741.

vehicles because of bodily injury." The phrase "legally entitled to recover" was not statutorily defined. See 1987 Am.Sub.H.B. No. 1, 142 Ohio Laws, Part I, 1661, 1739–1741. The court in *Webb* held that an insurer is not liable to its insured on an uninsured-motorist claim when the tortfeasor-motorist who caused the insured's injuries has liability insurance but is immune from liability under the fellow-servant immunity statute, R.C. 4123.741. 54 Ohio St.3d 61, 562 N.E.2d 132, syllabus. In such a case, the court reasoned, the insured is not "legally entitled to recover" from the tortfeasor. Id.

{¶ 18} The court in *Webb* cited with approval the decision in *York v. State Farm Fire & Cas. Co.* (1980), 64 Ohio St.2d 199, 201–202, 18 O.O.3d 412, 414 N.E.2d 423, which held that the city's statutory immunity from liability for a collision that occurred while a fire truck responded to an emergency call precluded recovery for the uninsured-motorist claim. See *Webb,* 54 Ohio St.3d at 62, 562 N.E.2d 132. The *York* court reasoned that the legislative intent behind then R.C. 3937.18 did not encompass situations in which the tortfeasor was "never legally liable" because of its statutory immunity. *York,* 64 Ohio St.2d at 201, 18 O.O.3d 412, 414 N.E.2d 423.

{¶ 19} In a 1994 amendment to R.C. 3937.18, the General Assembly qualified the "legally entitled to recover" provision by specifying that, for the purpose of the statute, an uninsured motorist's statutory or common-law immunity from liability would not defeat recovery. The 1994 amendment to R.C. 3937.18(A) provided:

{¶ 20} "For purposes of division (A)(1) of this section, a person is legally entitled to recover damages if he is able to prove the elements of his claim that are necessary to recover damages from the owner or operator of the uninsured motor vehicle. The fact that the owner or operator of the uninsured motor vehicle has an immunity, whether based upon a statute or the common law, that could be raised as a defense in an action brought against him by the person insured under uninsured motorist coverage does not affect the insured person's right to recover under his uninsured motorist coverage." 1994 Am. Sub.S.B. No. 20, 145 Ohio Laws, Part I, 204, 210–212.

{¶ 21} The 1997 amendment to R.C. 3937.18(A) narrowed the field of statutory and common-law immunities that could defeat an insured's entitlement to uninsured-motorist benefits. Under the 1997 law, only diplomatic immunity or governmental immunity under R.C. Chapter 2744 did not affect the insured's right to recover on an uninsured-motorist claim. The 1997 amendment provided:

{¶ 22} "For purposes of division (A)(1) of this section, an insured is legally entitled to recover damages if the insured is able to prove the elements of the insured's claim that are necessary to recover damages from the owner or operator of the uninsured motor vehicle. The fact that the owner or operator of

the uninsured motor vehicle has an immunity *under Chapter 2744. of the Revised Code or a diplomatic immunity* that could be raised as a defense in an action brought against the owner or operator by the insured does not affect the insured's right to recover under uninsured motorist coverage. *However, any other type of statutory or common law immunity that may be a defense for the owner or operator of an uninsured motor vehicle shall also be a defense to an action brought by the insured to recover under uninsured motorist coverage."* (Emphasis added.) 1997 Am.Sub.H.B. No. 261, 147 Ohio Laws, Part II, 2372, 2372–2377.

{¶ 23} This provision continued in the law until the 2001 amendment entirely deleted the "legally entitled to recover" language and its limitations.

B

{¶ 24} Removal of the "legally entitled to recover" language from the statute does not mean that insurance contracts may not require proof that the insured is legally entitled to recover from the uninsured motorist. Absent a specific statutory or common-law prohibition, parties are free to agree to the contract's terms. *Martin v. Midwestern Group Ins. Co.* (1994), 70 Ohio St.3d 478, 480, 639 N.E.2d 438 (noting that R.C. 3937.18 does not displace principles of contract law), superseded by statute on other grounds, as noted in *Baughman v. State Farm Mut. Auto. Ins. Co.* (2000), 88 Ohio St.3d 480, 484, 727 N.E.2d 1265. The current wording of R.C. 3937.18 neither requires nor prohibits inclusion of the "legally entitled to recover" provision at issue here. Indeed, R.C. 3937.18(I) confirms that the parties may include terms that exclude recovery of uninsured-motorist benefits under specified circumstances. We conclude that the "legally entitled to recover" provision in the policy at issue is such a term.

{¶ 25} Nor is Snyder correct in asserting that R.C. 3937.18(D)'s requirement that an insured must prove "all elements of the insured's claim" means that the insured never has to prove anything else to recover uninsured-motorist benefits. Absent a relevant restriction, "[t]here is no reason why carriers should be refused the right to assert the very same rights and defenses available to the person whose alleged negligence they are required to indemnify." *State Farm Mut. Auto. Ins. Co. v. Webb,* 54 Ohio St.3d at 64, 562 N.E.2d 132.

{¶ 26} Although R.C. 3937.18 specifically includes motor vehicle operators or owners who are immune from liability under R.C. Chapter 2744 within the definition of "uninsured motorist," see R.C. 3937.18(B)(5), that alone is not dispositive of a policyholder's right to recover, because the statute does not preclude insurers from adding other conditions to recovery. R.C. 3937.18(I) expressly permits the parties to agree to other specified conditions to, or exclusions from, uninsured/underinsured-motorist coverage. A more accurate

view is that R.C. 3937.18(D) is a default provision, governing in the absence of additional policy provisions requiring more.

{¶ 27} Snyder argues that it would be illogical and inconsistent for R.C. 3937.18(B) to include tortfeasors immune under R.C. Chapter 2744 within the definition of "uninsured motorists" but then also permit policy terms to exclude coverage because of that same immunity. But in revising the statute to remove the mandatory-offering requirement and in seeking to end more than a decade of uncertainty and instability regarding its interpretation and application,[9] it was not illogical for the General Assembly to define statutorily the term "uninsured motorist" as it did but also to provide flexibility for uninsured- and underinsured-motorist policies to contain additional provisions modifying that definition.

{¶ 28} Had the policy in this case not contained the "legally entitled to recover" language, the police cruiser would have been an uninsured vehicle within the meaning of R.C. 3937.18(B)(5), and, absent another policy condition excluding coverage, Snyder would have been entitled to recover. But this policy did contain an additional condition for coverage, and under the facts of this matter, Snyder did not meet that condition. Similarly, in *Estate of Nord v. Motorists Mut. Ins. Co.*, 105 Ohio St.3d 366, 2005-Ohio-2165, 826 N.E.2d 826, we noted that the city of Cleveland, which owned and operated the ambulance in which the insured was injured by a dropped syringe, was immune from liability under R.C. 2744.02, and thus, the ambulance was an "uninsured motor vehicle" by virtue of R.C. 3937.18(B)(5). See id. at fn. 1. Nevertheless, the insured was not entitled to uninsured-motorist benefits because a condition of the policy required the dam-

---

9. The General Assembly has amended the uninsured- and underinsured-motorist statute during recent years in response to decisions of this court with which the Assembly disagreed. See, e.g., 1994 Am.Sub.S.B. No. 20, Section 7, 145 Ohio Laws, Part I, 204 (General Assembly expressed its intention to "supersede the effect of the holding of the Ohio Supreme Court in the October 1, 1993 decision in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500 [620 N.E.2d 809], relative to the application of underinsured motorist coverage in those situations involving accidents where the tortfeasor's bodily injury liability limits are greater than or equal to the limits of the underinsured motorist coverage"); 2000 Sub.S.B. No. 267, Section 3, 148 Ohio Laws, Part V, 11380, 11385 ("It is the intent of the General Assembly in amending division (A) of section 3937.18 of the Revised Code to supersede the holdings of the Ohio Supreme Court in *Sexton v. State Farm Mut. Auto. Ins. Co.* (1982), 69 Ohio St.2d 431 [23 O.O.3d 385, 433 N.E.2d 555], and *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio St.3d 27 [723 N.E.2d 97], that division (A)(1) of section 3937.18 of the Revised Code does not permit an insurer to limit uninsured or underinsured motorist coverage in such a way that an insured must suffer bodily injury, sickness, death or disease for any other insured to recover from the insurer"); 2001 Am.Sub.S.B. No. 97, Section 3(E), 149 Ohio Laws, Part I, 779, 790 (General Assembly expressed its intention "[t]o supersede the holdings of the Ohio Supreme Court in *Linko v. Indemnity Ins. Co. of N. America* (2000), 90 Ohio St.3d 445 [739 N.E.2d 338], *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660 [710 N.E.2d 1116], *Schumacher v. Kreiner* (2000), 88 Ohio St.3d 358 [725 N.E.2d 1138], *Sexton v. State Farm Mut. Auto. Ins. Co.* (1982), 69 Ohio St.2d 431 [23 O.O.3d 385, 433 N.E.2d 555], *Gyori v. Johnston Coca–Cola Bottling Group, Inc.* (1996), 76 Ohio St.3d 565 [669 N.E.2d 824], and their progeny").

ages to " 'arise out of the ownership, maintenance or use of the uninsured motor vehicle.' "   Id. at ¶ 12.

{¶ 29} Accordingly, a policy provision limiting the insured's recovery of uninsured- or underinsured-motorist benefits to amounts which the insured is "legally entitled to recover" is enforceable, and its effect will be to preclude recovery when the tortfeasor is immune under R.C. Chapter 2744.

## C

{¶ 30} For similar reasons, R.C. 3937.18 does not prohibit a policy from precluding uninsured-motorist benefits when the tortfeasor is immune under R.C. 4123.741, which provides for fellow-servant immunity.   Because Officer Castro was immune from liability under that statute, the "legally entitled to recover" provision in the American Family policy also prevented Snyder's recovery of uninsured-motorist benefits arising out of her claim against Castro.

{¶ 31} Nor does R.C. 3937.18(E), which addresses the effect of workers' compensation on uninsured-motorist/underinsured-motorist recovery, prohibit a tortfeasor's immunity under R.C. 4123.741 from precluding a claim for uninsured-motorist benefits.   *Webb*, 54 Ohio St.3d at 63–64, 562 N.E.2d 132 (construing analogous former R.C. 3937.18(F)).

## III

{¶ 32} Snyder's second proposition of law urges that the phrase "legally entitled to recover," which is undefined in American Family's policy, is ambiguous and must be construed strictly against the drafter.   *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 211, 519 N.E.2d 1380.   American Family, however, contends that its policy, construed consistently with *Webb*, is unambiguous and precludes coverage when the uninsured motorist-tortfeasor is immune from liability under R.C. Chapter 2744 or R.C. 4123.741.   Upon review, we conclude that the phrase is not ambiguous and must be accorded its plain meaning.

{¶ 33} Despite the statutory changes since *Webb* was decided, *Webb* is instructive in considering whether the contractual "legally entitled to recover" provision in the policy has a definite meaning.   When *Webb* was decided, R.C. 3937.18 neither defined nor limited the phrase "legally entitled to recover."   See former R.C. 3937.18, 142 Ohio Laws, Part I, at 1739–1741.   In *Webb,* this court held that fellow-servant immunity under R.C. 4123.741 defeated an insured's legal right to recover against the tortfeasor.   Likewise, a claim for uninsured-motorist benefits for the damages caused by such an uninsured motorist was precluded when the policy required that the insured must be "legally entitled to collect" from the uninsured motorist.   See 54 Ohio St.3d at 62, 562 N.E.2d 132.   Based on *Webb* 's construction of the phrase "legally entitled to recover," we conclude that the phrase in Snyder's policy is both clear and enforceable.   Our ruling here, of

course, does not prevent insurers from responding to consumer demand by offering uninsured-motorist coverage without precluding recovery because of a tortfeasor's immunity.

## IV

{¶ 34} For all of the foregoing reasons, we hold that R.C. 3937.18, as amended by S.B. 97 in 2001, does not prohibit an uninsured- or underinsured-motorist policy from limiting uninsured-motorist benefits to amounts that the insured is "legally entitled to recover" from the tortfeasor and that such a provision is valid even when it precludes uninsured-motorist benefits for injuries caused by tortfeasors immune under R.C. Chapter 2744 or R.C. 4123.741. We affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

PFEIFER and LANZINGER, JJ., dissent.

---

**LANZINGER, J., dissenting.**

{¶ 35} Snyder's policy states that "[American Family] will pay compensatory damages for bodily injury which an insured person *is legally entitled to recover* from the owner or operator of an uninsured motor vehicle." (Emphasis added.) The effect of this policy language is to add a contractual condition precedent to uninsured or underinsured motorist ("UM/UIM") coverage for the policyholder. R.C. 3937.18(D) states, "With respect to the uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages included in a policy of insurance, *an insured shall be required to prove all elements of the insured's claim that are necessary to recover* from the owner or operator of the uninsured or underinsured motor vehicle." (Emphasis added.) The majority opinion views R.C. 3937.18(D) as merely a "default provision" and holds that a policy may restrict UM/UIM coverage to amounts the insured is legally entitled to recover from a tortfeasor when the tortfeasor is "statutorily immune from liability."

{¶ 36} This overbroad reading allows an insurer to contract around the definition of "uninsured motorist"; yet the established rule is that policy terms may not contradict statutory requirements. See *Ross v. Farmers Ins. Group of Cos.* (1998), 82 Ohio St.3d 281, 287–288, 695 N.E.2d 732.

## R.C. Chapter 2744 Immunity

{¶ 37} In my view, American Family's policy restriction may not be upheld against tortfeasors with diplomatic or sovereign immunity, since they are specifi-

cally defined as "uninsured motorists" within R.C. 3937.18(B). R.C. 3937.18(B) provides:

{¶ 38} "[A]n *'uninsured motorist' is the owner or operator of a motor vehicle if* * * * *:

{¶ 39} " * * *

{¶ 40} "(4) The owner or operator has diplomatic immunity.

{¶ 41} "*(5) The owner or operator has immunity under Chapter 2744. of the Revised Code.*" (Emphasis added.)

{¶ 42} The General Assembly, through enactment of 2001 Am.Sub.S.B. No. 97, made clear that insurers were no longer obligated to offer UM/UIM coverage as part of a motor-vehicle liability policy. In addition, insurers who now choose to offer UM/UIM coverage within a policy are granted the freedom to limit or exclude UM/UIM coverage under "specified circumstances." R.C. 3937.18(I) provides, "Any policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured *under specified circumstances* * * *." Five nonexclusive examples of such circumstances follow: (1) while the insured is driving or a passenger in a vehicle with no UM coverage, (2) while the insured is driving or a passenger in a vehicle without permission, (3) when the tortfeasor is specifically excluded from liability coverage, (4) while specified persons are driving or occupying a vehicle other than one covered by the UM policy, or (5) when the person injured or killed is not an insured.

{¶ 43} I cannot agree with the majority view that this section provides "flexibility for uninsured- and underinsured-motorist policies to contain additional provisions modifying [the definition of 'uninsured motorist']." R.C. 3937.18(I) allows an insurer to "include terms and conditions that preclude coverage," but says nothing about modifying statutory definitions. The definition at issue here is contained within R.C. 3937.18(B), which states, in full:

{¶ 44} "*For purposes of any uninsured motorist coverage included in a policy of insurance, an 'uninsured motorist' is the owner or operator of a motor vehicle if* any of the following conditions applies:

{¶ 45} "(1) There exists no bodily injury liability bond or insurance policy covering the owner's or operator's liability to the insured.

{¶ 46} "(2) The liability insurer denies coverage to the owner or operator, or is or becomes the subject of insolvency proceedings in any state.

{¶ 47} "(3) The identity of the owner or operator cannot be determined, but independent corroborative evidence exists to prove that the bodily injury, sick-

ness, disease, or death of the insured was proximately caused by the negligence or intentional actions of the unidentified operator of the motor vehicle. For purposes of division (B)(3) of this section, the testimony of any insured seeking recovery from the insurer shall not constitute independent corroborative evidence, unless the testimony is supported by additional evidence.

{¶ 48} "(4) The owner or operator has diplomatic immunity.

{¶ 49} *"(5) The owner or operator has immunity under Chapter 2744. of the Revised Code.*

{¶ 50} "An "uninsured motorist" does not include the owner or operator of a motor vehicle that is self-insured within the meaning of the financial responsibility law of the state in which the motor vehicle is registered." (Emphasis added.)

{¶ 51} For purposes of any UM/UIM insurance coverage then, an "uninsured motorist" is the "owner or operator" of a motor vehicle who is not covered by a bodily injury liability bond or similar insurance, or whose insurance company denies coverage or is insolvent, or who is a "hit-and-run driver," or who is protected by diplomatic immunity or governmental immunity under R.C. Chapter 2744. Accordingly, Officer Castro was an uninsured motorist pursuant to R.C. 3937.18(B)(5).

{¶ 52} Applying the policy's restriction against Officer Castro contradicts the statute. The majority recognizes this effect by stating, "Had the policy in this case not contained the 'legally entitled to recover' language, *the police cruiser would have been an uninsured vehicle within the meaning of R.C. 3937.18(B)(5),* and, absent another policy condition excluding coverage, Snyder would have been entitled to recover." (Emphasis added.)

{¶ 53} By considering the term "legally entitled to recover" as a "specified circumstance" under R.C. 3937.18(I), the majority allows the insurance contract to invalidate the plain language of R.C. 3937.18(B)(5). Application of the term "legally entitled to recover" to exclude from UM coverage an owner or operator of a motor vehicle who has immunity under R.C. Chapter 2744 would vitiate R.C. 3937.18(B)(5)'s definition of "uninsured motorist," a definition that is set forth for purposes of *"any* uninsured motorist coverage."

{¶ 54} It is unnecessary to resurrect *State Farm Mut. Auto. Ins. Co. v. Webb* (1990), 54 Ohio St.3d 61, 562 N.E.2d 132, to delve into the meaning of the phrase "legally entitled to recover." Owners and operators with governmental immunity under R.C. Chapter 2744 (R.C. 3937.18(B)(5)) and diplomatic immunity (under R.C. 3937.18(B)(4)) remain among those to be considered as "uninsured motorists" for purposes of UM/UIM coverage. Officer Castro and her employer both qualify as uninsured motorists by definition, since both are protected by R.C. Chapter 2744. Snyder should therefore be entitled to recover UM benefits under

her own policy. I would hold that the policy term "legally entitled to recover" may not be applied to void the definition of an owner or operator who has immunity under R.C. Chapter 2744.

### Fellow–Servant and Other Immunities

{¶ 55} With respect to R.C. 4123.741, the statute providing fellow-servant immunity when an injury is compensable under the workers' compensation statutes, the analysis is not the same. If Officer Castro were merely a "fellow servant" and an employee of a nongovernmental employer, R.C. Chapter 2744 would not apply. Were Snyder to then sue Castro for an injury occurring in the course and scope of their employment, application of the policy term "legally entitled to recover" would not contradict the UM/UIM statutes because an owner or operator with fellow-servant immunity is not specifically defined as an "uninsured motorist" within R.C. 3937.18(B). In other words, the policy phrase "legally entitled to recover" would not contradict the General Assembly's intent to grant tortfeasors with diplomatic or sovereign immunity the status of uninsured motorists for UM/UIM coverage.

{¶ 56} I therefore respectfully dissent and would reverse the judgment of the court of appeals.

PFEIFER, J., concurs in the foregoing opinion.

———

Lamkin, Van Eman, Trimble, Beals, & Dougherty, L.L.C., Timothy L. Van Eman, and Keri N. Yaeger, for appellant.

Frost, Maddox & Norman Co., L.P.A., and Mark S. Maddox, for appellee.

Weston Hurd, L.L.P., Carol K. Metz, and John G. Farnan, urging affirmance for amicus curiae Ohio Association of Civil Trial Attorneys.

Paul W. Flowers Co., L.P.A., and Paul W. Flowers, urging reversal for amicus curiae Ohio Academy of Trial Lawyers.