[Cite as *Marusa v. Erie Ins. Co.*, 2011-Ohio-6276.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96556**

## MARIA MARUSA, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## ERIE INSURANCE COMPANY

DEFENDANT-APPELLEE

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-739818

**BEFORE:** Jones, J., Stewart, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** December 8, 2011

**ATTORNEYS FOR APPELLANTS**

Donald E. Caravona
Aaron P. Berg
1900 Terminal Tower
50 Public Square
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tucker
John R. Chlysta
Emily R. Yoder
Hanna, Campbell & Powell, LLP
3737 Embassy Parkway
P.O. Box 5521
Akron, Ohio 44334

LARRY A. JONES, J.:

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to

{¶ 2} App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.

{¶ 3} Plaintiffs-appellants, Maria and Melanie Marusa, appeal the trial court's grant of summary judgment in favor of defendant-appellee, Erie Insurance Company. Reluctantly, we affirm.

I.

{¶ 4} The Marusas initiated this action in 2010 as a result of injuries they suffered in a 2009 motor vehicle accident. Specifically, their vehicle was struck by a motor vehicle operated by Michael Canda, a North Royalton police officer who was responding to an emergency call. The Marusas filed a claim with their insurer, Erie Insurance Company. Erie denied the claim.

{¶ 5} Erie filed a motion for summary judgment, and the Marusas filed a cross-motion for partial summary judgment. For the limited purpose of the summary judgment exercise, the parties entered into the following relevant stipulations: (1) "The accident and the Marusas' injuries were proximately caused by Officer Canda's negligent operation of his police cruiser"; (2) "The Marusas were not negligent and were not at fault for causing the collision"; (3) "Officer Canda and the City of North Royalton are immune from liability for the accident under the Ohio Political Subdivision Tort Liability Act, Ohio

Revised Code Chapter 2744"; and (4) "Because Officer Canda and his employer are immune from suit under the Ohio Political Subdivision Tort Liability Act, Officer Canda qualifies as an 'uninsured motorist' under the terms of the * * * Policy."

{¶ 6} Relying on the Ohio Supreme Court's decision in *Snyder v. Am. Family Ins. Co.*, 114 Ohio St.3d 239, 2007-Ohio-4004, 871 N.E.2d 574, the trial court granted Erie's motion for summary judgment and denied the Marusas' cross-motion for partial summary judgment. The Marusas present the following errors for our review, which will be considered together:

"[I.] The trial court erred in granting summary judgment on behalf of Defendant Erie Insurance Company and denying summary judgment on behalf of the Plaintiffs Maria and Melanie Marusa by not applying the correct rules of construction and interpretation when reviewing an insurance policy in order to determine whether an insured is entitle[d] to coverage under an insurance policy.

"[II.] The insurance policy at bar is a contract of adhesion, that is prepared and phrased by the insurer and, as such, the [ ] contract of insurance is to be liberally construed in favor of the insured and strictly against the insurer where any ambiguous or undefined terms are used in the insurance contract."

II.

{¶ 7} Appellate review of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. The Ohio Supreme Court stated the appropriate test in *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, as follows:

"Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v.*

*Burt* (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.”

III.

{¶ 8}   In *Snyder*, the insured, a police officer, was injured when she was hit by another police officer's cruiser during the chase of a suspect.   Snyder sought coverage under her personal motor vehicle liability insurance policy with American Family Insurance, but the insurer denied coverage.   The relevant language of the policy provided:

 “'[American Family] will pay compensatory damages for **bodily injury** which an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle**.' (Boldface sic.)”   *Snyder* at ¶5, quoting policy.

{¶ 9}   Snyder sued American Family, arguing that she was entitled to coverage because R.C. 3937.18 includes persons who have immunity under R.C. Chapter 2744 within its definition of uninsured motorists.   Snyder also contended that under the 2001 amendments to R.C. 3937.18, Ohio's uninsured- and underinsured-motorist coverage law, there is no longer a requirement that the insured be “legally entitled to recover” from the tortfeasor and, therefore, the term as used in American Family's policy is void because it contradicts the statute.   Further, Snyder contended that the term “legally entitled to recover,” which was undefined in the policy, was ambiguous and therefore must be construed in her favor.

{¶ 10} The Ohio Supreme Court rejected Snyder's contentions.   The Court ruled that:

“Removal of the 'legally entitled to recover' language from the statute does not mean that insurance contracts may not require proof that the insured is legally entitled to

recover from the uninsured motorist. Absent a specific statutory or common-law prohibition, parties are free to agree to the contract's terms." *Snyder* at ¶24.

{¶ 11} The *Snyder* Court further ruled that it was "not illogical" for the General Assembly to include tortfeasors who have immunity under R.C. Chapter 2744 in the definition of an uninsured motorist, but then also permit policy terms to exclude coverage based on that same immunity. Id. at ¶27. The Court held that "a policy provision limiting the insured's recovery of uninsured- or underinsured-motorist benefits to amounts which the insured is 'legally entitled to recover' is enforceable, and its effect will be to preclude recovery when the tortfeasor is immune under R.C. Chapter 2744." Id. at ¶29. Additionally, the *Snyder* Court held that the phrase "legally entitled to recover" is "not ambiguous and must be accorded its plain meaning." Id. at ¶32.

{¶ 12} The relevant portions of the Marusas' insurance policy provided as follows:

"'**Uninsured motor vehicle**' means a '**motor vehicle**:'

"***

"4.   For which the owner or operator of the '**motor vehicle**' has immunity under the Ohio Political Subdivision Tort Liability or a diplomatic immunity.

"***

"**OUR PROMISE**

"'**We**' will pay for bodily injury that '**anyone we protect**' or the legal representative of '**anyone we protect**' are legally entitled to recover from the owner or operator of an '**uninsured motor vehicle**' or '**underinsured motor vehicle**.'" (Emphasis sic.)

{¶ 13} The Marusas contend that *Snyder* is "significantly distinguishable" from this case. Specifically, they contend that *Snyder* dealt with the statutory definition of

"uninsured motorist" under R.C. 3937.18(B)(5), as opposed to "uninsured motorist" as defined in a policy. Although the coverage issue in *Snyder* arose from the 2001 amendments to R.C. 3937.18, the *Snyder* Court also addressed coverage exclusion based on immunity as set forth in a policy. The Court held:

"We also conclude that *policy language* restricting uninsured-motorist coverage to those amounts the insured is 'legally entitled to recover' from the tortfeasor owner or operator of an uninsured motor vehicle unambiguously denies coverage for injuries caused by uninsured motorists who are immune from liability under R.C. Chapter 2744 or R.C. 4123.741." (Emphasis added.) Id. at ¶2.

{¶ 14} In light of the above, the Marusas' contention that *Snyder* applies only to the statutory definition of "uninsured motorist" is without merit.

{¶ 15} The Marusas further contend that when the definition of an "uninsured motor vehicle" as set forth in their policy is read together with the policy's "promise," "it is obvious that the clear intent of the policy is to provide uninsured/underinsured motorist coverage to an insured when the owner and/or operator of motor vehicle, who would otherwise be immune from liability by virtue of 'the Ohio Political Subdivision Tort Liability,' is negligent." But the "promise" portion of the policy requires that the insured be "legally entitled to recover" from the operator of the uninsured vehicle. *Snyder* addressed the "legally entitled to recover" requirement and held that although the 2001 amendments to R.C. 3937.18 eliminated the phrase, that "does not mean that insurance contracts may not require proof that the insured is legally entitled to recover from the uninsured motorist." Id. at ¶24.

{¶ 16} The Marusas were not legally entitled to recover from Officer Canda because

of his immunity. Thus, when the definition and promise sections of the policy are read together, the Marusas were not entitled to coverage under the policy.

{¶ 17} We do not believe that *Snyder* advances the public policy that the "predominate social purpose of liability insurance is to compensate injured persons." *Stickovich v. Cleveland*, 143 Ohio App.3d 13, 25, 2001-Ohio-4117, 757 N.E.2d 50. But we are duty-bound to follow it. Reluctantly, therefore, in light of *Snyder*, the Marusas' two assignments of error are without merit and the trial court's judgment is affirmed.

It is ordered that appellee recover of appellants its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, JUDGE

COLLEEN CONWAY COONEY, J., CONCURS;
MELODY J. STEWART, P.J., DISSENTS WITH
SEPARATE OPINION

MELODY J. STEWART, P.J., DISSENTING:

{¶ 18} The introduction to the Erie policy states that "[t]he protection provided by this policy is in keeping with the single purpose of our Founders which is, 'To provide YOU with as near PERFECT PROTECTION, as near PERFECT SERVICE, as is humanly possible, and to do so at the LOWEST POSSIBLE COST." (Emphasis sic.) The UM provisions of the Marusas' policy specifically give coverage, but then generally take it away — and do so in the definitions and promise sections of the policy, notwithstanding the fact that those sections are immediately followed by sections entitled, "Exclusions — What We Do Not Cover" and "Limitations of Protection," both of which are completely devoid of any exclusion related to governmental immunity. This is a complete failure of the promise to provide "near PERFECT PROTECTION" and deprives the Marusas of the benefit of their bargain. I vehemently dissent from the decision reached in this case.

{¶ 19} The majority "reluctantly" holds that the Marusas are not entitled to uninsured motorist (UM) coverage under their insurance policy "when the definition and promise sections of the policy are read together." In reaching its decision, the majority relies on a tortured interpretation and analysis of the phrase "legally entitled to recover" set forth in *Snyder v. Am. Family Ins.,* supra. This case is distinguishable from *Snyder* because the supreme court's decision in that case was firmly rooted in resolving what the court perceived to be a conflict between the general statement, "legally entitled to recover," contained in the insurance policy, and provisions in Chapter 3937 of the Revised Code. The *Snyder* court rejected the insured's argument that R.C. 3937.17, which included those immune under Chapter 2744 of the Revised Code in its definition of uninsured motorist,

should prevail over the interpretation of the phrase "legally entitled to recover" to find UM coverage. Key to the court's analysis was its belief that provisions in Chapter 3937 of the Revised Code did not prohibit parties from setting forth the terms of their contract and the interpretation of those terms will supersede statutory language (a proposition rejected by the dissent). The court noted that, "[a]bsent a specific statutory or common-law prohibition, parties are free to agree to the contract's terms. *Martin v. Midwestern Group Ins. Co.* (1994), 70 Ohio St.3d 478, 480, 639 N.E.2d 438 (noting that R.C. 3937.18 does not displace principles of contract law), superseded by statute on other grounds, as noted in *Baughman v. State Farm Mut. Auto. Ins. Co.* (2000), 88 Ohio St.3d 480, 484, 727 N.E.2d 1265." *Snyder* at ¶24.

{¶ 20} The majority in this case has, in essence, interpreted *Snyder* to say that, even if an insurance policy specifically promises to pay for injuries sustained from "a motor vehicle for which the owner or operator of the motor vehicle has immunity under the Ohio Political Subdivision Tort Liability Law***" — as the UM definition and promise sections of the policy do in this case — the insurance company can, nonetheless, negate that specific coverage by arguing to a court of law that its inclusion of the phrase "legally entitled to recover" in the "Promise" section of the policy should be interpreted to exclude that very coverage.[1] No court should condone such chicanery.

---

[1]This interpretation would also have to necessarily assume that Erie has no idea what the term "immunity" means: a wholly unbelievable proposition.

**{¶ 21}** In *Payton v. Peskins*, 12th Dist. No. CA2010-10-022, 2011-Ohio-3905, the court of appeals found that a UM policy exclusion, worded similarly to the one used in this case, did not effectively exclude UM coverage despite the policy using the "legally entitled to recover" language noted in *Snyder*. Payton's policy stated that, the insurer, Progressive, "will pay for damages that an insured person is legally entitled to recover from an uninsured motorist or underinsured motorist because of bodily injury." The Twelfth District noted that, "unlike *Snyder*, the Progressive policy at issue goes on to state, 'an "uninsured motorist" does not include an owner or operator of a motor vehicle: (c) that is owned by any governmental unit or agency *unless the operator of the motor vehicle has immunity under Chapter 2744 of the Ohio Revised Code* (relating to certain political subdivisions operating a fire department, police department, or emergency medical service).'" Id. at ¶11 (emphasis sic.) The court of appeals went on to state:

**{¶ 22}** "The court in *Snyder* found that the general term 'legally entitled to recover' was an additional condition for coverage that unambiguously excluded coverage for injuries caused by a driver who is immune from liability under R.C. Chapter 2744. Payton's Progressive policy, however, specifically took the general preamble to Section III's uninsured/underinsured section and made a more specific coverage condition, mainly that vehicles owned by any governmental unit or agency were not covered unless the operator of the vehicle has immunity under R.C. Chapter 2744. 'It is well-established under the generally applicable rules governing contract interpretation that specific provisions take

precedence over more general provisions.' *Smith v. Littrell*, Preble App. No. CA2001–02–004, 6, 2001-Ohio-8642.

{¶ **23**} "The Ohio Supreme Court made it clear in *Snyder* that insurance companies and their customers have the right to agree to uninsured-motorist coverage without precluding recovery because of a tortfeasor's immunity. The Progressive policy did just that. It carved out an exception to the 'legally entitled to recover' language listed in *Snyder* by stating that the policy holder could not recover for uninsured motorist protection when bodily injury was caused by a government-owned vehicle unless that vehicle was driven by an operator who has immunity under R.C. Chapter 2744. The parties stipulated that Peskins and the village of Georgetown are immune under R.C. Chapter 2744, and Progressive cannot now claim that the general statement made in the preamble to its uninsured motorist section subjugates the more specific statement granting coverage when the driver has immunity, as Peskins did in this case." Id. at ¶14-15.

{¶ **24**} Although Erie couched its coverage in terms of what the insured was "legally obligated to recover," it created an exception to that in the UM portion of the policy by defining an "uninsured motor vehicle" as a motor vehicle "for which the owner or operator of the 'motor vehicle' has immunity under the Ohio Political Subdivision Tort Liability Law or a diplomatic immunity." As in *Payton*, the specific inclusion of language defining an uninsured motor vehicle as one in which the operator has immunity under R.C. 2744.02 was enough to overcome the more general "legally obligated to recover" language. To read the policy differently would elevate general language over the specific and undermine

the well-established legal proposition that Ohio law presumes insurance coverage, so an exclusion to coverage must be clearly expressed. See, e.g., *Sharonville v. Am. Emps. Ins. Co.*, 109 Ohio St.3d 186, 2006-Ohio-2180, 846 N.E.2d 833, ¶6. If Erie wished to ride on the coattails of governmental immunity to deny UM coverage to its unsuspecting and oblivious customers, the law requires that it clearly do so. This can be done in a number of ways: vehicles owned and operated by those who are immune can be removed from the definition of uninsured motor vehicles, or Erie can include such an exclusion in the "Exclusions — What We Do Not Cover" section of the policy.

{¶ 25} The broader principle at issue here, and the one that apparently troubles the majority, too, is the prospect that an insured who specifically pays for UM coverage could be denied that coverage simply because the tortfeasor happened to be immune from liability, despite being fully at fault as is the case here. UM coverage is designed just for these types of situations, yet court decisions have effectively denied a significant number of people insurance coverage that they pay for, and think that they have, but do not. This is an intolerable state of the law and one I hope is quickly rectified.