MARUSA ET AL., APPELLANTS, *v.* ERIE INSURANCE COMPANY, APPELLEE.

[Cite as *Marusa v. Erie Ins. Co.*, 136 Ohio St.3d 118, 2013-Ohio-1957.]

*Insurance—Motor vehicles—Uninsured-motorists coverage—Policy defining "uninsured motor vehicle" as motor vehicle whose operator "has immunity under the Ohio Political Subdivision Tort Liability Law" provides coverage for damages caused by tortfeasor who is immune under that law—Specific definitional language prevails over general language in policy that insurer will pay damages that insured is "legally entitled to recover."*

(No. 2012-0058—Submitted January 8, 2013—Decided May 21, 2013.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 96556, 2011-Ohio-6276.

_____

**PFEIFER, J.**

{¶ 1} Based on the insurance policy that Maria Marusa has with Erie Insurance Company, we conclude that summary judgment against her and her daughter was improperly granted and that their claim for uninsured-motorist coverage is not precluded.

**I. BACKGROUND**

{¶ 2} In November 2009, appellant Maria Marusa was driving her car when it was struck by a police cruiser driven by Officer Michael Canda. Marusa and her daughter Melanie, also an appellant, were both injured in the accident. The parties stipulated that the Marusas' injuries were proximately caused by Officer Canda's negligent operation of his police cruiser and that the Marusas "were not negligent and were not at fault for causing the collision."

{¶ 3} The Marusas filed suit against appellee, Erie Insurance Company, seeking damages to compensate for, among other claims, medical expenses and pain and suffering. The parties have stipulated that "Officer Canda and his employer are

immune from suit under the Ohio Political Subdivision Tort Liability Act" and that "Officer Canda qualifies as an 'uninsured motorist' under the terms" of the insurance policy that Maria Marusa has with Erie Insurance. In its answer, Erie Insurance claimed that it was not obligated to pay damages, because even though the policy includes uninsured-motorist coverage and Officer Canda is an uninsured motorist, the Marusas were not "legally entitled to recover," citing *Snyder v. Am. Fam. Ins. Co.*, 114 Ohio St.3d 239, 2007-Ohio-4004, 871 N.E.2d 574.

{¶ 4} Erie Insurance moved for summary judgment. The trial court granted the motion, stating that the Marusas are "precluded from recovery under the terms of the Policy." The court of appeals affirmed, concluding that *Snyder* controls. *Marusa v. Erie Ins. Co.,* 8th Dist. No. 96556, 2011-Ohio-6276.

{¶ 5} We granted the Marusas' discretionary appeal. 131 Ohio St.3d 1552, 2012-Ohio-2263, 967 N.E.2d 764.

## II. ANALYSIS

{¶ 6} The issue in this case is whether the trial court properly granted summary judgment for Erie Insurance and against the Marusas.

### A. Standard of Review

{¶ 7} Our review of cases involving a grant of summary judgment is de novo. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 24. Summary judgment may be granted only when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *M.H. v. Cuyahoga Falls*, 134 Ohio St.3d 65, 2012-Ohio-5336, 979 N.E.2d 1261, at ¶ 12.

### B. Interpreting Insurance Contracts

{¶ 8} "The meaning of a contract is to be gathered from a consideration of all its parts, and no provision is to be wholly disregarded as inconsistent with other provisions unless no other reasonable construction is possible." *German Fire Ins.*

*Co. v. Roost*, 55 Ohio St. 581, 45 N.E. 1097 (1897), paragraph one of the syllabus. The intent of the parties is presumed to be reflected in the language used in the policy. *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, 509 N.E.2d 411 (1987), paragraph one of the syllabus. Because the cause before us involves the interpretation of an insurance contract, any ambiguities will be construed strictly against the insurer and liberally in favor of the insured. *Dominish v. Nationwide Ins. Co.*, 129 Ohio St.3d 466, 2011-Ohio-4102, 953 N.E.2d 820, at ¶ 7. *See Buckeye Union Ins. Co. v. Price*, 39 Ohio St.2d 95, 99, 313 N.E.2d 844 (1974).

{¶ 9} Fortunately, the long and tortured history of this court's jurisprudence regarding uninsured/underinsured-motorist ("UM") insurance coverage need not be retold for us to resolve the case before us. This case is novel, based on the language contained in Erie Insurance's contract, and recourse to precedent other than *Snyder* is unnecessary.

### C. *Snyder* and This Insurance Contract

{¶ 10} In *Snyder*, this court stated that "a policy provision limiting the insured's recovery of uninsured- or underinsured-motorist benefits to amounts which the insured is 'legally entitled to recover' is enforceable, and its effect will be to preclude recovery when the tortfeasor is immune under R.C. Chapter 2744." 114 Ohio St.3d 239, 2007-Ohio-4004, 871 N.E.2d 574, at ¶ 29. The court also stated that "[o]ur ruling here, of course, does not prevent insurers from responding to consumer demand by offering uninsured-motorist coverage without precluding recovery because of a tortfeasor's immunity." *Id.* at ¶ 33. The UM endorsement in this case does just that.

{¶ 11} The UM endorsement provides that "uninsured motor vehicle" includes a motor vehicle whose owner or operator "has immunity under the Ohio Political Subdivision Tort Liability Law [OPSTLL]." But Erie Insurance claims that language elsewhere in the endorsement that Erie will pay damages that the insured is "legally entitled to recover" makes *Snyder* dispositive, as that phrase mirrors the language relied upon in *Snyder* to preclude coverage. We do not agree. We

conclude that the language of the definitional provision controls, and it plainly and unambiguously provides UM coverage when an insured is injured by an owner or operator who is immune under the OPSTLL.

{¶ 12} The critical distinction between *Snyder* and this case is that in *Snyder*, the plaintiff relied on a statutory definition of "uninsured motor vehicle." Here, the Marusas are not constrained by a statutory definition. This court's decision, therefore, is not controlled by *Snyder*. Twice at oral argument, Erie Insurance stated that it included the definitional provision because consumers would otherwise not know what an uninsured motorist is. It is interesting that Erie Insurance did not consider it necessary or advisable to similarly define "legally entitled to recover" to ensure that consumers would be aware of the potential impact of the *Snyder* decision.

{¶ 13} Given our conclusion concerning the definition of "uninsured motor vehicle" contained in this insurance contract, we cannot conclude, as the *Snyder* court did when confronted with language from outside the insurance contract, that the phrase "legally entitled to recover" precludes uninsured-motorist coverage when the owner or operator is immune under the OPSTLL. Two courts of appeals have recently reached the same conclusion. *See Thom v. Perkins Twp.*, 6th Dist. No. E-10-069, 2012-Ohio-1568, 2012 WL 1154578; *Payton v. Peskins*, 12th Dist. No. CA2010-10-022, 2011-Ohio-3905, 2011 WL 3433027. To give effect to the policy definition of an "uninsured motor vehicle," it is necessary to consider it an exception to the limiting phrase "legally entitled to recover," which the *Snyder* court foresaw as a possibility. 114 Ohio St.3d 239, 2007-Ohio-4004, 871 N.E.2d 574, at ¶ 33.

{¶ 14} Furthermore, the definitional provision is specific and the "legally entitled to recover" provision is general. When faced with provisions that are arguably in conflict, we apply the more specific provision. *Troyer v. Janis*, 132 Ohio St.3d 229, 2012-Ohio-2406, 971 N.E.2d 862, ¶ 15. *See Mut. Life Ins. Co. of New York v. Hill,* 193 U.S. 551, 558, 24 S.Ct. 538, 48 L.Ed. 788 (1904).

### III. CONCLUSION

{¶ 15} The trial court granted Erie's motion for summary judgment. We conclude that the motion was improperly granted. The definitional provision at issue operates to expand UM coverage, not to limit or preclude it. Accordingly, we conclude that summary judgment should have been denied to Erie Insurance.

{¶ 16} The Marusas also moved for summary judgment on the issue whether the policy provides UM coverage, which the trial court denied. Having concluded that neither *Snyder* nor the insurance contract precludes UM coverage, we remand the cause to the trial court for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

O'NEILL, J., concurs.

O'CONNOR, C.J., and LANZINGER, J., concur in judgment and concur separately.

O'DONNELL, KENNEDY, and FRENCH, JJ., dissent and would hold that *Snyder v. Am. Family Ins. Co.,* 114 Ohio St.3d 239, 2007-Ohio-4004, 871 N.E.2d 574, controls.

_____

**LANZINGER, J., concurring.**

{¶ 17} I concur in judgment only for reasons expressed in my dissent in *Snyder v. Am. Family Ins. Co.*, 114 Ohio St.3d 239, 2007-Ohio-4004, 871 N.E.2d 574. As Judge Stewart remarked in her dissent to the application of *Snyder* in this case,

> The broader principle at issue here, and the one that apparently troubles the majority, too, is the prospect that an insured who specifically pays for UM coverage could be denied that coverage simply because the tortfeasor happened to be immune from liability, despite being fully at fault as is the case here. UM coverage is

designed just for these types of situations, yet court decisions have effectively denied a significant number of people insurance coverage that they pay for, and think that they have, but do not. This is an intolerable state of the law and one I hope is quickly rectified.

*Marusa v. Erie Ins. Co.,* 8th Dist. No. 96556, 2011-Ohio-6276, ¶ 25 (Stewart, P.J., dissenting).

{¶ 18} Erie's policy provides that "uninsured motor vehicle" means a motor vehicle "for which the owner or operator of the 'motor vehicle' has immunity under the Ohio Political Subdivision Tort Liability Law or a diplomatic immunity."

{¶ 19} And it also provides:

OUR PROMISE

"We" will pay damages for bodily injury that "anyone we protect" or the legal representative of "anyone we protect" are *legally entitled to recover* from the owner or operator of an "uninsured motor vehicle" or "underinsured motor vehicle."

(Emphasis added.)

{¶ 20} The majority opinion holds that Erie's specific definition of "uninsured motor vehicle" trumps the broader "legally entitled to recover" language. This is one way to hold Erie to its coverage promise. But in *Snyder,* this court held that use of the language "legally entitled to recover" excludes recovery of uninsured-motorists benefits when the tortfeasor is immune under R.C. Chapter 2744. *Id.* at ¶ 24 and 29. I would forthrightly overrule *Snyder* rather than simply distinguish it as a case premised on the statutory definition of "uninsured motor vehicle" rather than the policy definition.

{¶ 21} By amending R.C. 3937.18(A) in 2001 Am.Sub.S.B. No. 97, the General Assembly made clear that insurers were no longer obligated to offer

6

uninsured- and underinsured-motorist ("UM/UIM") coverage as part of a motor-vehicle liability policy. 149 Ohio Laws, Part I, 779, 779-780. In addition, insurers who now choose to offer UM/UIM coverage within a policy are granted the freedom to limit or exclude UM/UIM coverage under "specified circumstances." R.C. 3937.18(I). That section, however, says nothing about modifying statutory definitions. By considering the term "legally entitled to recover" as a "specified circumstance" under R.C. 3937.18(I), *Snyder* allowed an insurance contract containing this language to invalidate R.C. 3937.18(B)(5)'s definition of "uninsured motorist."

{¶ 22} Although R.C. 3937.18 no longer contains the term "legally entitled to recover," the idea remains that a plaintiff injured by an uninsured motorist must still prove the elements of the claim:

> With respect to the uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages included in a policy of insurance, an insured shall be *required to prove all elements of the insured's claim that are necessary to recover* from the owner or operator of the uninsured or underinsured motor vehicle.

(Emphasis added.) R.C. 3937.18(D); *compare* 1997 amendment to R.C. 3937.18(A), 1997 Am.Sub.H.B. No. 261, 147 Ohio Laws, Part II, 2372, 2373 ("legally entitled to recover" means that the insured is able to prove the elements of the claim for damages from the tortfeasor).

{¶ 23} I would hold that a policy that defines an uninsured motor vehicle as a vehicle owned or operated by one with political-subdivision immunity does not exclude the promise of UM/UIM insurance coverage by using the term "legally entitled to recover" in the insuring clause. I do not believe that we can continue to

7

hold that these words effectively demolish the UM/UIM protection that the insured expects to receive in such a policy.

O'CONNOR, C.J., concurs in the foregoing opinion.

―――――――――――――

Caravona & Berg, L.L.C., Donald E. Caravona, and Aaron P. Berg, for appellants.

Hanna, Campbell & Powell, L.L.P., Robert L. Tucker, John R. Chlysta, and Emily R. Yoder, for appellee.

―――――――――――――