Pfeifer, J.
{¶ 1} Based on the insurance policy that Maria Marusa has with Erie Insurance Company, we conclude that summary judgment against her and her daughter was improperly granted and that their claim for uninsured-motorist coverage is not precluded.
I. Background
{¶ 2} In November 2009, appellant Maria Marusa was driving her car when it was struck by a police cruiser driven by Officer Michael Canda. Marusa and her daughter Melanie, also an appellant, were both injured in the accident. The parties stipulated that the Marusas’ injuries were proximately caused by Officer Canda’s negligent operation of his police cruiser and that the Marusas “were not negligent and were not at fault for causing the collision.”
{¶ 3} The Marusas filed suit against appellee, Erie Insurance Company, seeking damages to compensate for, among other claims, medical expenses and pain and suffering. The parties have stipulated that “Officer Canda and his employer are immune from suit under the Ohio Political Subdivision Tort Liability Act” and that “Officer Canda qualifies as an ‘uninsured motorist’ under the terms” of the insurance policy that Maria Marusa has with Erie Insurance. In its answer, Erie Insurance claimed that it was not obligated to pay damages, because even though the policy includes uninsured-motorist coverage and Officer Canda is an uninsured motorist, the Marusas were not “legally entitled to recover,” citing Snyder v. Am. Fam. Ins. Co., 114 Ohio St.3d 239, 2007-Ohio-4004, 871 N.E.2d 574.
{¶ 4} Erie Insurance moved for summary judgment. The trial court granted the motion, stating that the Marusas are “precluded from recovery under the terms of the Policy.” The court of appeals affirmed, concluding that Snyder controls. Marusa v. Erie Ins. Co., 8th Dist. No. 96556, 2011-Ohio-6276, 2011 WL 6145757.
{¶ 5} We granted the Marusas’ discretionary appeal. 131 Ohio St.3d 1552, 2012-Ohio-2263, 967 N.E.2d 764.
*120 II. Analysis
{¶ 6} The issue in this case is whether the trial court properly granted summary judgment for Erie Insurance and against the Marusas.
A. Standard of Review
{¶ 7} Our review of cases involving a grant of summary judgment is de novo. Bonacorsi v. Wheeling & Lake Erie Ry. Co., 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 24. Summary judgment may be granted only when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. M.H. v. Cuyahoga Falls, 134 Ohio St.3d 65, 2012-Ohio-5336, 979 N.E.2d 1261, at ¶ 12.
B. Interpreting Insurance Contracts
{¶ 8} “The meaning of a contract is to be gathered from a consideration of all its parts, and no provision is to be wholly disregarded as inconsistent with other provisions unless no other reasonable construction is possible.” German Fire Ins. Co. v. Roost, 55 Ohio St. 581, 45 N.E. 1097 (1897), paragraph one of the syllabus. The intent of the parties is presumed to be reflected in the language used in the policy. Kelly v. Med. Life Ins. Co., 31 Ohio St.3d 130, 509 N.E.2d 411 (1987), paragraph one of the syllabus. Because the cause before us involves the interpretation of an insurance contract, any ambiguities will be construed strictly against the insurer and liberally in favor of the insured. Dominish v. Nationwide Ins. Co., 129 Ohio St.3d 466, 2011-Ohio-4102, 953 N.E.2d 820, at ¶ 7. See Buckeye Union Ins. Co. v. Price, 39 Ohio St.2d 95, 99, 313 N.E.2d 844 (1974).
{¶ 9} Fortunately, the long and tortured history of this court’s jurisprudence regarding uninsured/underinsured-motorist (“UM”) insurance coverage need not be retold for us to resolve the case before us. This case is novel, based on the language contained in Erie Insurance’s contract, and recourse to precedent other than Snyder is unnecessary.
C. Snyder and This Insurance Contract
{¶ 10} In Snyder, this court stated that “a policy provision limiting the insured’s recovery of uninsured- or underinsured-motorist benefits to amounts which the insured is ‘legally entitled to recover’ is enforceable, and its effect will be to preclude recovery when the tortfeasor is immune under R.C. Chapter 2744.” 114 Ohio St.3d 239, 2007-Ohio-4004, 871 N.E.2d 574, at ¶ 29. The court also stated that “[o]ur ruling here, of course, does not prevent insurers from responding to consumer demand by offering uninsured-motorist coverage without *121 precluding recovery because of a tortfeasor’s immunity.” Id. at ¶ 33. The UM endorsement in this case does just that.
{¶ 11} The UM endorsement provides that “uninsured motor vehicle” includes a motor vehicle whose owner or operator “has immunity under the Ohio Political Subdivision Tort Liability Law [OPSTLL].” But Erie Insurance claims that language elsewhere in the endorsement that Erie will pay damages that the insured is “legally entitled to recover” makes Snyder dispositive, as that phrase mirrors the language relied upon in Snyder to preclude coverage. We do not agree. We conclude that the language of the definitional provision controls, and it plainly and unambiguously provides UM coverage when an insured is injured by an owner or operator who is immune under the OPSTLL.
{¶ 12} The critical distinction between Snyder and this case is that in Snyder, the plaintiff relied on a statutory definition of “uninsured motor vehicle.” Here, the Marusas are not constrained by a statutory definition. This court’s decision, therefore, is not controlled by Snyder. Twice at oral argument, Erie Insurance stated that it included the definitional provision because consumers would otherwise not know what an uninsured motorist is. It is interesting that Erie Insurance did not consider it necessary or advisable to similarly define “legally entitled to recover” to ensure that consumers would be aware of the potential impact of the Snyder decision.
{¶ 13} Given our conclusion concerning the definition of “uninsured motor vehicle” contained in this insurance contract, we cannot conclude, as the Snyder court did when confronted with language from outside the insurance contract, that the phrase “legally entitled to recover” precludes uninsured-motorist coverage when the owner or operator is immune under the OPSTLL. Two courts of appeals have recently reached the same conclusion. See Thom v. Perkins Twp., 6th Dist. No. E-10-069, 2012-Ohio-1568, 2012 WL 1154578; Payton v. Peskins, 12th Dist. No. CA2010-10-022, 2011-Ohio-3905, 2011 WL 3433027. To give effect to the policy definition of an “uninsured motor vehicle,” it is necessary to consider it an exception to the limiting phrase “legally entitled to recover,” which the Snyder court foresaw as a possibility. 114 Ohio St.3d 239, 2007-Ohio-4004, 871 N.E.2d 574, at ¶ 33.
{¶ 14} Furthermore, the definitional provision is specific and the “legally entitled to recover” provision is general. When faced with provisions that are arguably in conflict, we apply the more specific provision. Troyer v. Jams, 132 Ohio St.3d 229, 2012-Ohio-2406, 971 N.E.2d 862, ¶ 15. See Mut. Life Ins. Co. of New York v. Hill, 193 U.S. 551, 558, 24 S.Ct. 538, 48 L.Ed. 788 (1904).
III. Conclusion
{¶ 15} The trial court granted Erie’s motion for summary judgment. We conclude that the motion was improperly granted. The definitional provision at *122 issue operates to expand UM coverage, not to limit or preclude it. Accordingly, we conclude that summary judgment should have been denied to Erie Insurance.
{¶ 16} The Marusas also moved for summary judgment on the issue whether the policy provides UM coverage, which the trial court denied. Having concluded that neither Snyder nor the insurance contract precludes UM coverage, we remand the cause to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
O’Neill, J., concurs.
O’Connor, C.J., and Lanzinger, J., concur in judgment and concur separately.
O’Donnell, Kennedy, and French, JJ., dissent and would hold that Snyder v. Am. Family Ins. Co., 114 Ohio St.3d 239, 2007-Ohio-4004, 871 N.E.2d 574, controls.