[Cite as *Fink v. Twentieth Century Homes, Inc.*, 2013-Ohio-4916.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99550**

## KEVIN T. FINK, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## TWENTIETH CENTURY HOMES, INC., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-685925

**BEFORE:** S. Gallagher, J., Celebrezze, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** November 7, 2013

**ATTORNEYS FOR APPELLANTS**

Timothy J. Weyls, Jr.
Jeffrey T. Peters
Weyls Peters, L.L.C.
6505 Rockside Road
Suite 300
Independence, OH   44131


**ATTORNEYS FOR APPELLEES**

**For the city of Brecksville**

Robert F. Cathcart
John T. McLandrich
Frank H. Scialdone
Mazanec, Raskin & Ryder Co., L.P.A.
100 Franklin's Row
34305 Solon Road
Solon, OH   44139

**For Cuyahoga County Engineer**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Dale F. Pelsozy
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} Appellants Kevin Fink and Carolin Fink ("the Finks") appeal from the orders of the trial court that granted summary judgment and dismissed appellees city of Brecksville and Cuyahoga County from the action on the basis of governmental immunity. For the reasons stated herein, we affirm.

{¶2} The Finks are the owners of residential property located at 8651 Dunbar Lane, Brecksville, Ohio. The property is part of the Bradford Village subdivision. The Finks purchased their lot in 1983 from the developer, Broadview Service Corporation.

{¶3} The Finks' property abuts a "V" shaped ravine that was observable when the Finks purchased the property. The ravine existed naturally as part of the topography of the land. Kevin Fink testified that he had a builder look at the lot and he was informed it was buildable. The Finks proceeded to have their home built abutting the ravine. The home was built by Sherwood Construction.

{¶4} Within Bradford Village is a network of sewers, basins, and gravity-fed pipes that collect and carry storm water and sediment to an 18-inch storm-water outlet pipe that drains into the ravine from approximately 27 properties ("the storm-water drainage system"). The outlet pipe was in place before the Finks had their home built.

{¶5} Kevin Fink testified that he first noticed erosion in 2006 and became concerned that it was going to affect his home. He contends that the erosion at the bottom of the ravine where the water flows and resulting slippage and sliding of its slope has caused damage to his home, most noticeably to his patio and deck, cracks in the

basement on the ravine side of the home, and possible damage to the foundation of the home.

{¶6} The Finks filed this action on February 25, 2009, against Brecksville and Cuyahoga County,[1] as well as several defendants who are not parties to this appeal. The trial court granted the Finks leave to file an amended complaint on September 10, 2009.[2] The claims against Brecksville included trespass for exceeding the scope of an easement, trespass, nuisance, waste, negligence, and unjust enrichment.

{¶7} The Finks allege in their amended complaint that Brecksville and the developer constructed the storm-water drainage system in Bradford Village and that Brecksville and Cuyahoga County accepted a public dedication of the system and agreed to be responsible for its maintenance, repair, and replacement. The Finks allege that Brecksville and Cuyahoga County failed to properly maintain the storm-water drainage system and that this failure has caused erosion problems resulting in damage to the Finks' property and home.

{¶8} The Finks further allege that Brecksville has an easement bisecting the Finks' property that has not been properly maintained and that Brecksville and Cuyahoga County exceeded the scope of any permissible use of said easement. The Finks also allege that

---

[1]Defendant-appellee Cuyahoga County was named in the complaint as Cuyahoga County Engineer Robert C. Klaiber, Jr., and Cuyahoga County Sanitary Engineer Robert C. Klaiber, Jr.

[2]In addition to Brecksville and Cuyahoga County, the named defendants included Twentieth Century Homes, Inc., Broadview Service Corporation, Sherwood Construction, American Midwest Title Agency, Inc., Fidelity National Title Insurance Company, John Doe Successor Corporation to Broadview Savings & Loan Co., and John Does Nos. 1 and 2.

Brecksville and Cuyahoga County were grossly negligent in their failure to extend the outlet pipe across the property and in their approval of the design of the easement, which they allege was insufficient to handle the volume of storm water discharged into and through the easement.

{¶9} The Finks retained a geophysical engineer, Joseph A. Recktenwald, Ph.D., P.E., who performed an analysis of the slope failures occurring along the ravine. Recktenwald stated in the conclusions of his report as follows:

It is our opinion that the slope instability can be attributed to the erosion at the toe of the slope. This could have been avoided if the outlet pipe had not been located where it is; rip-rap or other forms of energy dissipation and erosion protection had been installed; or if the surrounding area had been maintained. If the storm water pipe is taking water that would not naturally flow to this diversion channel, the problems are being unnecessarily compounded. Progressive failures have already reached the southeastern patio at the lower level of the house. The recent spike in the movement detected in the inclinometer well confirms this. Additional movement may soon reach the house. The responsibility of taking the necessary actions to prevent this from occurring lies solely on the city for not maintaining the stormwater diversion channel.

{¶10} During his deposition, Recktenwald indicated that the slope sliding was being caused by ten feet of soil lost at the toe of the slope. He indicated that the erosion

of the slope and its significance was an engineering situation that would require evaluation by an engineer. While Recktenwald testified to maintenance measures that could be taken to the outlet pipe's surrounding area, including the diversion channel, he also stated that preventing erosion or rehabilitating erosion after it occurred would require construction or reconstruction of the ravine.

{¶11} Steve Pasternack, Ph.D., P.E., a civil engineer retained by Brecksville, indicated that the slope was unstable long before the construction of Bradford Village and the outlet pipe. He opined that the use of the ravine for drainage of a portion of the subdivision was reasonable. Ron Weidig, Brecksville's director of public services, stated that Brecksville does not maintain ravines and ditches on private property absent emergency circumstances or prior city council approval and that the Finks' property at 8651 Dunbar Lane has not been subject to emergency circumstances or prior council approval for any action. Scott Packard, Brecksville's building commissioner, stated that his investigation into city records revealed that the storm-water easement indicated in the replat of Bradford Village Subdivision No. 4 has never been dedicated to Brecksville. Packard also stated that Brecksville has no record of the easement being dedicated to the city.

{¶12} Michael C. Menoes, Ph.D., P.E., an engineer retained by Cuyahoga County, indicated in his report that the agreement between Brecksville and the Office of the Cuyahoga County Engineer encompasses only the construction and maintenance of storm and sanitary sewers and does not include the maintenance of natural drainage channels or

man-made drainage channels. His inspection of the outlet pipe revealed that it was properly maintained and in good condition.

{¶13} The trial court granted in part and denied in part a motion to dismiss filed by Brecksville. The court dismissed the claims of waste and unjustment enrichment, as well as any claims based on intentional tort, but declined to dismiss the remaining claims against Brecksville. That decision was affirmed on appeal in *Fink v. Twentieth Century Homes, Inc.*, 8th Dist. Cuyahoga No. 94519, 2010-Ohio-5486.

{¶14} Following a period of discovery, Brecksville filed a motion for summary judgment. Thereafter, Cuyahoga County was granted leave to file a motion for summary judgment instanter.

{¶15} On January 17, 2013, the trial court granted Brecksville's motion for summary judgment and dismissed Brecksville from the case. The trial court found that the claims for trespass, which deal with intentional conduct, and the claim for nuisance could not withstand summary judgment because they did not sound in negligence for purposes of establishing an immunity exception. The trial court found that Brecksville was entitled to immunity on the remaining claim of negligence, finding in pertinent part as follows: (1) the outlet pipe, which drains storm water into the ravine, was not part of Brecksville's water supply system and did not fit the definition of a proprietary function under R.C. 2744.01(G)(2)(c); (2) the ravine is not part of Brecksville's sewer system, and maintenance of the outlet pipe's surrounding area does not constitute a proprietary function under R.C. 2744.02(G)(2)(d); (3) the conclusions of plaintiffs' expert concerning

the location of the outlet pipe and the installation of certain preventative measures must be classified as governmental functions. The trial court's opinion included "no just reason for delay" language.

{¶16} On January 22, 2013, the trial court granted Cuyahoga County's motion for summary judgment, "based on the court's reasoning expressed in its opinion regarding Brecksville's motion for summary judgment." The court again included the language "no just reason for delay" in the journal entry.

{¶17} The Finks filed an appeal from both rulings on February 20, 2013. This court instructed the parties to brief the issue of whether the appeal as to Brecksville was timely filed. The Finks argue that the January 17, 2013 journal entry and the court's docket did not specify the "no just reason for delay" language. The journal entry that was issued, as well as the court's docket, indicated the motion was granted with an "OSJ" ("order see journal") notation. The Finks' attorney submitted an affidavit stating he was not served with a copy of the opinion and did not obtain a copy until January 22, 2013.[3] Also, the court's ruling on Cuyahoga County's motion, which was based on the same immunity principles and reasoning set forth in Brecksville's motion, was not journalized until January 22, 2013. The briefing of the parties, as well as the trial court's ruling on the motions, reflects that the claims as to both Brecksville and Cuyahoga County were resolved upon related operative facts and the same legal principles. Even on appeal,

---

[3]We note that it appears email notice was sent by the Cuyahoga County Clerk of Courts. However, it may not have been received in counsel's inbox.

Cuyahoga County "joins in the argument of the City of Brecksville and incorporates that brief herein." Under these circumstances, we conclude it would not have been in the interest of judicial economy to permit Brecksville to appeal pending resolution of the related claims against Cuyahoga County. Therefore, we find that the court's ruling as to Brecksville became final and appealable upon the court's ruling as to Cuyahoga County and that the appeal is timely as to Brecksville.

{¶18} In their sole assignment of error, the Finks claim the trial court erred in granting summary judgment insofar as the court found a lack of a genuine issue of material fact as to appellees' entitlement to immunity. We recognize that the claims and the substance of the Finks' arguments are directed at Brecksville. Nonetheless, we shall review the ruling as to Cuyahoga County insofar as the immunity issues are dispositive as to both appellees.

{¶19} Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Summary judgment is properly granted when "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party." *Marusa v. Erie Ins. Co.*, 136 Ohio St.3d 118, 2013-Ohio-1957, 991 N.E.2d 232, ¶ 7.

**{¶20}** R.C. Chapter 2744 governs political subdivision tort liability. R.C. 2744.02(A)(1) provides a general grant of immunity to political subdivisions from liability incurred in connection with either a governmental function or proprietary function. However, there are exceptions to immunity listed in R.C. 2744.02(B), which can expose the political subdivision to liability, as well as defenses under R.C. 2744.03, which may be applied to reinstate immunity. A court does not need to engage in an analysis regarding available defenses provided in R.C. 2744.03 if no exception under R.C. 2744.02(B) can be found to remove the general grant of immunity. *Nelson v. Cleveland*, 8th Dist. Cuyahoga No. 98548, 2013-Ohio-493, ¶ 14, citing *O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, ¶ 71.

**{¶21}** Initially, we recognize that the Finks have not challenged the dismissal of their trespass and nuisance claims. Nevertheless, we recognize that the exceptions of R.C. 2744.02(B)(1) through (B)(4) are limited to negligent conduct and do not apply to trespass or nuisance claims. *Barge v. St. Bernard*, 195 Ohio App.3d 28, 2011-Ohio-3573, 958 N.E.2d 636, ¶ 19 (1st Dist.). "R.C. 2744.02(B)(2) refers to proprietary functions and the exception applies only where injury results from negligence." *Sisler v. Lancaster*, 5th Dist. Fairfield No. 09-CA-47, 2010-Ohio-3039, ¶ 26. Therefore, the trespass and nuisance claims cannot withstand summary judgment and were properly dismissed.

**{¶22}** With regard to their negligence claim, the Finks contend that the relevant exception to immunity is R.C. 2744.02(B)(2), which imposes liability on a political

subdivision for damages caused by the negligent performance of acts with respect to proprietary functions. R.C. 2744.01(G)(2)(d) includes as a political subdivision's proprietary function the "maintenance, destruction, operation, and upkeep of a sewer system." By contrast, governmental functions for which political subdivisions retain immunity include "the provision or nonprovision, planning or design, construction, or reconstruction of a public improvement, including, but not limited to, a sewer system." R.C. 2744.01(C)(2)(l).

{¶23} While the Finks categorize their claim as a failure to maintain a storm water system, the record does not support such a claim. The Finks' expert, Recktenwald, asserted that the erosion of the ravine could have been avoided if the surrounding area to the outlet pipe had been maintained. However, the Finks failed to present evidence to establish that the surrounding area is part of Brecksville's sewer system. Rather, there was evidence showing that the ravine is "a natural drainage corridor" and there is nothing in Brecksville's ordinances that would suggest this area is part of Brecksville's sewer system.

{¶24} Additionally, the Finks did not present any evidence that simple maintenance would remedy the problem. While Recktenwald made conclusions concerning the location of the outlet pipe and certain preventative measures that could have been taken, his proposed solutions implicated the planning, design, construction, or reconstruction of the outlet pipe and the surrounding area. Recktenwald testified that along with maintenance measures, preventing the erosion or rehabilitating the slopes after

the erosion had occurred would necessarily involve the construction or reconstruction of the ravine. This was not a matter of simply maintaining a drainage system or cleaning out a catch-basin, as was the case in *Nelson*, 8th Dist. Cuyahoga No. 98548, 2013-Ohio-493. Rather, the situation presented a design or construction issue, which according to Recktenwald would require an engineer to evaluate.

{¶25} "Ohio courts have used the problem's remedy to determine whether actions concerning a sewer system are governmental or proprietary." *Guenther v. Springfield Twp. Trustees*, 2012-Ohio-203, 970 N.E.2d 1058 (2d Dist.). A claim is based on a design or construction issue when remedying the problem essentially would require the political subdivision to redesign or reconstruct the sewer system. *See Coleman v. Portage Cty. Engineer*, 133 Ohio St.3d 28, 2012-Ohio-3881, 975 N.E.2d 952, ¶ 30. Moreover, "the design and construction of a storm water runoff system constitutes a 'governmental function' for which a political subdivision is statutorily immune from liability." *Ferguson v. Breeding*, 4th Dist. Lawrence No. 99 CA 22, 2000 Ohio App. LEXIS 4093, *18 (Aug. 25, 2000).

{¶26} The Finks also argue that "there is no evidence of a policy or plan for controlling the flow of water" and assert that appellees' conduct was reckless. However, there was a lack of evidence to show that appellees acted negligently with regard to a proprietary function, let alone that they exercised their discretion or judgment with regard to the storm-water drainage system in a wanton or reckless manner.

**{¶27}** This case is distinguishable from *Seiler v. Norwalk*, 192 Ohio App.3d 331, 2011-Ohio-548, 949 N.E.2d 63 (6th Dist.), where a city reservoir was considered part of the city's water supply system and there was a genuine issue of material fact as to whether a decision to open a gated spillway, which overflowed and led to the flooding of the plaintiffs' homes, was made in a wanton or reckless manner. Here, there is a lack of evidence to show that the ravine is part of Brecksville's sewer system or its water supply system. Therefore, its maintenance and operation, including controlling the water flow, does not amount to a proprietary function under R.C. 2744.01(G)(2)(c) or (d). There are no other exceptions to the general grant of immunity that could apply.

**{¶28}** Further, this case does not involve the negligent implementation of a discretionary decision involving the use of the city's equipment and resources as was the case in *Ohio Bell Tel. Co. v. Cleveland*, 8th Dist. Cuyahoga No. 98683, 2013-Ohio-270 (alleging negligent excavation in connection with a water main break). Therefore, even if a proprietary function were involved, appellees would be entitled to the immunity defense set forth in R.C. 2744.03(A)(5).

**{¶29}** Finally, with regard to the Finks' claims of public dedication of the storm-water drainage system and a storm-water easement that traverses the ravine, a city or county has no duty to maintain a drainage system on private property if there is no indication that the system was ever used for public purposes. *Guenther*, 2012-Ohio-203, 970 N.E.2d 1058 (2d Dist.), citing *Beauchamp v. Hamilton Twp. Trustees*, 10th Dist.

Franklin No. 93APE09-1331, 1994 Ohio App. LEXIS 1877 (May 5, 1994).  *See Guenther* at *21.

> The storm sewer and drainage ditch only benefit a small number of residents in the immediate vicinity of the [subject] property and, rather than being controlled and maintained by a governmental entity as a part of a larger sewage disposal system * * * this improvement is apparently self-contained and only intended for the drainage of excess storm water from adjoining properties * * *.

*Beauchamp* at *9.   Further, there is no evidence that the appellees ever undertook a duty to maintain or repair the area in question or that this area was part of the sewer system. Even if it were considered part of the sewer system, because reconstruction or redesign is a governmental function, the negligent-proprietary-function exception does not apply.

{¶30} The situation surrounding the Finks' home is unfortunate.  Regrettably, storm-water issues have become more pervasive as a result of increased development in our region.  Homeowners like the Finks have been placed in untenable situations. However, neither Brecksville nor Cuyahoga County is responsible for maintaining the area in question, and under the circumstances herein, they are entitled to statutory immunity.

{¶31} The Ohio legislature has not empowered any agency or entity to manage storm water across the entire watershed district.  The problem of storm water is related to overdevelopment and urban sprawl.  Both issues need to be comprehensively addressed and can only be done so by the legislature.  This cannot be a piecemeal solution where some communities are in and others opt out.

**{¶32}** Upon our review, we find the appellees were entitled to the general grant of immunity and judgment as a matter of law. The assigned error is overruled.

**{¶33}** Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KENNETH A. ROCCO, J., CONCUR