[Cite as *Cach, L.L.C. v. Hutchinson*, 2014-Ohio-5148.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101288**

**CACH, L.L.C.**

PLAINTIFF-APPELLEE

vs.

**NOAH HUTCHINSON, ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-811391

**BEFORE:** S. Gallagher, J., Jones, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** November 20, 2014

**ATTORNEY FOR APPELLANTS**

Tyrone E. Reed
11811 Shaker Blvd.
Suite 420
Cleveland, OH    44120


**ATTORNEYS FOR APPELLEE**

Donald A. Mausar
Amanda K. Rasbach Yurechko
Hannah F.G. Singerman
Weltman, Weinberg & Reis Co., L.P.A.
200 Lakeside Place
323 Lakeside Avenue, West
Cleveland, OH    44113

SEAN C. GALLAGHER, J.:

{¶1} Defendants Noah Hutchinson and LNH, Inc. appeal from the trial court's decision granting summary judgment in favor plaintiff CACH, L.L.C. For the following reasons, we affirm.

{¶2} Hutchinson, on behalf of LNH, entered an agreement for a personal or business line of credit with Wells Fargo Bank, N.A. The account was sold to CACH before the current claims were filed. Hutchinson allegedly owed a balance owed of $56,746.14. CACH moved for summary judgment, attaching the monthly statements from June 2007 to March 2010. Hutchinson admitted that the statements correctly identified his address. The statements reflect an opening balance of $29,529.01 and a closing balance of $56,746.14, the difference apparently derived from interest accumulation. CACH also included an affidavit from its custodian of records attesting to the authenticity of the records received from Wells Fargo and an affidavit from a Wells Fargo representative detailing the sale of the account and the transfer of documentation to CACH. Finally, a transcript of a telephonic conversation, purportedly between Hutchinson and a Wells Fargo representative discussing the creation of the account, was filed along with Hutchinson's deposition testimony.

{¶3} Hutchinson responded to the motion for summary judgment, and attached his own affidavit disclaiming any intention to enter a "credit card agreement" with Wells Fargo or CACH at any time, stating that he did not sign any agreement with Wells Fargo, and stating that he did not "charge $56,746.14 of goods or services" at any time — all of which could very well be true statements. The trial court ordered the parties to take Hutchinson's deposition, concerned with the peculiar wording of Hutchinson's affidavit. It appears Hutchinson attempted to deny the existence of the entire account through an exercise in semantics.

{¶4} For instance, CACH never claimed that Hutchinson charged over $56,000 for goods or services or opened a "credit card agreement." A review of the billing statements reveals that amount was largely attributed to accumulated interest on the $29,000 balance over a three-year period, and the complaint alleged the account to be a "personal or business" credit line account, not a credit card agreement. Further, CACH never claimed Hutchinson signed a contract, at all times maintaining that Hutchinson orally agreed to establish the account in question. The trial court gave Hutchinson the benefit of the doubt and afforded him a second opportunity to create a genuine issue of material fact through his own deposition testimony, despite the word games played in the affidavit. In short, the affidavit did not contradict any evidence, much less the allegations advanced against Hutchinson.

{¶5} The transcript of the deposition was to be filed for the purposes of resolving the pending motion for summary judgment. Neither party objected or assigned any error to the trial court's order and the inclusion of the deposition transcript for the purposes of summary judgment.

{¶6} Hutchinson's deposition testimony is of no help to his cause. Rather than denying the existence of the account, Hutchinson merely demonstrated an inability to remember anything, especially with regard to the existence of the account and the telephonic conversation in which he purportedly created the account in question. For instance, he claimed that he could not say that he was or was not the person recorded creating the account. Hutchinson also confirmed that all the information Wells Fargo, and thus CACH, obtained about him was accurate, including the billing address to which the account statements were regularly sent. Hutchinson "did not recall" receiving any statements during the several years the account was active, although he admitted using the P.O. Box to which the statements were sent.

{¶7} After the parties filed the deposition transcript, the trial court granted summary judgment in favor of CACH on all claims. Hutchinson appealed, advancing one assignment of error in which he claims the trial court erred in granting summary judgment because at his deposition Hutchinson denied opening or using the account in question. We find no merit to his claims.

{¶8} Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Summary judgment is appropriately granted only when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Marusa v. Erie Ins. Co.*, 136 Ohio St.3d 118, 2013-Ohio-1957, 991 N.E.2d 232, ¶ 7. A party requesting summary judgment bears the initial burden to show the basis of the motion. *Dresher v. Burt*, 75 Ohio St.3d 280, 293-294, 662 N.E.2d 264 (1996). Once the moving party satisfies this burden of production is the opposing party's reciprocal burden triggered, requiring introduction of evidence allowed under Civ.R. 56(C) to demonstrate genuine issues of material fact. *Id.*

{¶9} Hutchinson argues that the trial court improperly granted summary judgment because there was no signed agreement introduced as evidence in support of CACH's complaint. He further claims that his denial of the account at his deposition was sufficient to create a genuine issue of material fact.

{¶10} Hutchinson's former claim is misguided; a party seeking damages on an account need not proffer a signed agreement. As this court has held, an account must show the name of the party charged and contain (1) a beginning balance; (2) listed items representing charges or

debits; and (3) summarization of a running or developing balance of the amount claimed to be due. *Citibank, N.A. v. Katz*, 8th Dist. Cuyahoga No. 98753, 2013-Ohio-1041, ¶ 11, citing *Citibank (S.D.), N.A. v. Lesnick*, 11th Dist. Lake No. 2005-L-013, 2006-Ohio-1448, ¶ 9, quoting *Gabriele v. Reagan*, 57 Ohio App.3d 84, 87, 566 N.E.2d 684 (12th Dist.1988). Every element was satisfied in this case.

{¶11} CACH presented admissible evidence demonstrating that Hutchinson regularly used the address to which the monthly statements were sent. The affidavits from CACH and Wells Fargo identified Hutchinson as the individual owing the $56,746.14 balance and authenticated the monthly billing statements demonstrating the running account.[1] CACH satisfied its burden, and a signed agreement was not necessary to the disposition of its claims.

{¶12} Hutchinson never objected or assigned error to the trial court's sua sponte requirement to include his deposition testimony for disposing of CACH's motion for summary judgment, nor did he object to the introduction of the telephonic recording at the deposition and also filed with the trial court.

{¶13} In that deposition, Hutchinson never directly denied the existence or use of the account, the receipt of the monthly billing statements, nor any facts as presented by CACH. He merely indicated that he "could not recall" agreeing to create the account, to using the account, to receiving the monthly statements, or to possessing any documents to dispute the amount owed. Not "recalling" the existence of, or agreement to use, the account is not the same as denying the

---

[1]Hutchinson's argument that CACH cannot authenticate documents generated by Wells Fargo disregards the facts as stated in both CACH and Wells Fargo's respective affidavits. A representative of Wells Fargo stated that Hutchinson owed an amount due, and CACH bought the account and all documents in support of that account, including the billing statements. CACH's representative basically provided the link establishing how CACH came to own the account and how they received all the supporting documentation.

same for the purposes of determining the existence of genuine issues of material fact upon summary judgment. *See Davis-Payne v. Miami Valley Hosp.*, 2d Dist. Montgomery Nos. 14747 and 15182, 1995 Ohio App. LEXIS 5806, *12 (Dec. 29, 1995) (inability to remember the events does not create a genuine issue of material fact against another witness who was able to recall the events). Accordingly, Hutchinson's deposition did not provide any evidence to sustain his reciprocal burden of demonstrating genuine issues of material fact in opposition to CACH's undisputed evidence demonstrating the final debt Hutchinson owed on the account.

{¶14} In light of the foregoing, the trial court did not err in granting summary judgment in favor of CACH. The undisputed, admissible evidence demonstrated that Hutchinson created and used the account in question, and CACH produced evidence of the final amount due and owing. Hutchinson's inability to recall any of the details or failure to provide unequivocating denials of being the owner of the account at the deposition were dispositive. Further, his affidavit was nonresponsive to the allegations of the complaint and the undisputed evidence submitted for the purposes of the motion for summary judgment. Finding no error, the judgment of the trial court is affirmed.

It is ordered that appellee recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
TIM McCORMACK, J., CONCUR