[Cite as *Smith v. Expressjet Airlines, Inc.*, 2015-Ohio-313.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 101336**

---

**KRISTIN SMITH**

PLAINTIFF-APPELLANT

vs.

**EXPRESSJET AIRLINES, INC., ET AL.**

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-783822

**BEFORE:** S. Gallagher, J., Celebrezze, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 29, 2015

**ATTORNEYS FOR APPELLANT**

Chastity L. Christy
Caryn M. Groedel
Caryn Groedel & Associates Co., L.P.A.
31340 Solon Road
Suite 27
Cleveland, OH    44139


**ATTORNEYS FOR APPELLEES**

Thomas Evan Green
Julie A. Trout
Kastner Westman & Wilkins L.L.C.
3480 West Market Street
Suite 300
Akron, OH    44333

Sarah Pierce Wimberly
271 17th Street, N.W.
Suite 1900
Atlanta, GA    30327

SEAN C. GALLAGHER, J.:

{¶1} Appellant Kristin Smith appeals the decision of the trial court that granted summary judgment in favor of the appellees, ExpressJet Airlines, Inc., Richard Routzahn, and Brenda Maximovich. Smith also challenges certain discovery rulings. For the reasons stated herein, we affirm the trial court's decision to grant summary judgment and find the remaining discovery issues are moot.

{¶2} On May 30, 2012, Smith filed a complaint against the appellees, raising a claim for race discrimination and seeking damages, including for lost wages and mental anguish. Smith, who is an African-American female, had worked as a flight attendant for ExpressJet from September 22, 2004, until her termination on March 29, 2011.

{¶3} From 2005 through 2010, Smith received a number of verbal and written warnings for attendance, as well as two termination warnings. In early 2011, her attendance instances began to mount. A letter dated February 13, 2011, advised Smith of a mandatory meeting to discuss her fourth sick-call instance within a 12-month active period and informed her of the requirement for a doctor's note. An investigatory meeting was held on March 28, 2011. Before the meeting was held, Smith submitted a doctor's note that appeared to have an altered date. Appellees verified the date Smith was seen at the doctor's office, which did not comport with the date on the note.

{¶4} Although Smith's termination was recommended for the suspected falsification of the doctor's note, she committed additional policy violations before the mandatory meeting was held. On March 12 and 17, 2011, Smith failed to sign out liquor envelopes and also failed to turn them in at the end of both flights. It was later discovered that Smith decided to stop selling liquor altogether on the flights. Smith was advised that in addition to her attendance issues,

ExpressJet's liquor policy would also be discussed at the mandatory meeting. At the meeting, Smith admitted to her attendance-policy violations and did not deny having committed the liquor-policy violations. Smith was not directly asked if she had altered the doctor's note.

{¶5} Smith was sent a termination letter dated March 29, 2011.[1] The termination letter referenced several attendance instances over the previous year, including sick calls and unable-to-contact ("UTC") violations, two instances of ExpressJet liquor-policy violations, and the submission of a doctor's note that was determined to have an altered date. The letter stated that "[i]n review of your overall dependability record and violation of company policy, your employment with ExpressJet Airlines is terminated * * *."

{¶6} Appellees filed a motion for summary judgment on December 2, 2013. In opposing the motion, Smith alleged that appellees applied ExpressJet's policies, procedures, and standards differently with respect to similarly situated Caucasian employees and that appellees did not discipline or terminate similarly situated Caucasian employees for similar violations. However, none of the other employees referenced by Smith were shown to have had similar cumulative violations. Smith also took issue with the number of her attendance instances over the 12-month period prior to her termination; she claimed that ExpressJet's progressive discipline policy charts attendance and performance issues separately; she questioned appellees' application of ExpressJet's liquor policy to Smith; and she referred to certain mistaken violations. Further, Smith argued that appellees failed to follow their normal investigatory policies and procedures with respect to investigating the allegation that Smith falsified the date on the note from the doctor's office. Although appellees did not question Smith regarding the alteration of the note,

---

[1] It appears the letter was dated March 29, 2011, and sent on March 30, 2011.

the record reflects that appellees confirmed with the doctor's office that the appointment date on the doctor's note had been been altered to show February 3, 2011, as opposed to the actual appointment date of March 3, 2011. During her deposition, Smith did not deny that the note had been altered; she only denied that she made the alteration.

{¶7} The trial court granted appellees' motion for summary judgment, finding that Smith had failed to establish a prima facie case of racial discrimination. The court found that Smith had not shown that she was qualified for her position or that her performance met appellees' legitimate job expectations. The trial court recognized the following:

> At the time of her dismissal, plaintiff had incurred seven attendance instances during an active 12-month period, a record that she corroborated during her deposition. Pl. Dep., pp. 158-159. * * *.

{¶8} The trial court also found that Smith had failed to show that non-protected comparable employees were given preferential treatment. The court recognized that Smith had incurred many of her attendance and performance instances between January 1, 2011 and March 29, 2011. The court further found that "other, non-protected flight attendants were terminated for submitting false documents," and "while other, non-protected flight attendants merely failed to timely turn in liquor envelopes, plaintiff deliberately decided to stop selling any liquor on her assigned flights." Smith timely appealed the trial court's ruling on summary judgment.

{¶9} Aside from the summary judgment, a dispute arose during discovery concerning appellees' requests for appellant's medical records or information. Ultimately, the trial court granted in part and denied in part appellees' motion to compel, subject to the terms of a joint stipulated protective order that was previously granted by the trial court and required confidentiality of such medical and other personal information. The court further ordered appellant to execute an authorization for the release of medical information. An appeal was

filed from this ruling; however, the appeal was dismissed as moot after the trial court granted appellees' motion for summary judgment and the present appeal was filed.

{¶10} In this appeal, Smith raises two assignments of error for our review. Under her first assignment of error, Smith claims the trial court erred in granting appellees' motion for summary judgment.

{¶11} Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Summary judgment is appropriate when "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party." *Marusa v. Erie Ins. Co.*, 136 Ohio St.3d 118, 2013-Ohio-1957, 991 N.E.2d 232, ¶ 7.

{¶12} R.C. 4112.02(A) provides that it shall be an unlawful discriminatory practice for any employer, because of race, "to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

{¶13} To make a prima facie case of racial discrimination by indirect evidence, a plaintiff must establish that (1) she was a member of a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position, and (4) a comparable, non-protected person was treated more favorably. *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 385, 701 N.E.2d 1023 (8th Dist.1997), citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). If the plaintiff establishes a prima facie case, then the burden shifts to the employer to show a legitimate, nondiscriminatory reason for the adverse

employment action. *Mosley v. Cuyahoga Cty. Bd. of Mental Retardation*, 8th Dist. Cuyahoga No. 96070, 2011-Ohio-3072, ¶ 64. If this showing is made, the burden shifts back to the plaintiff to demonstrate that the employer's articulated reason is a mere pretext for unlawful discrimination. *Id.*

{¶14} In this case, it is undisputed that Smith is a member of a protected class and that her termination was an adverse employment action. As to the third criteria for a prima facie case, appellees argue and the trial court found that Smith failed to demonstrate she was qualified for the position because she did not meet appellees' legitimate job expectations. However, in determining whether an employee is qualified for a position, courts generally apply an objective standard. *See Kudla v. Olympic Steel, Inc.*, 8th Dist. Cuyahoga No. 101104, 2014-Ohio-5142, ¶ 54; *Ford v. E.J. Leizerman & Assocs., L.L.C.*, N.D. Ohio No. 3:11 CV 1053, 2014 U.S. Dist. LEXIS 13618 (Feb. 4, 2014) ("[a]ny analysis regarding Plaintiff's job performance properly occurs with Defendants' rebuttal of the prima facie case"). "The prima facie burden of showing that a plaintiff is qualified can be met by presenting credible evidence that his or her qualifications are at least equivalent to the minimum objective criteria required for employment in the relevant field." *Saha v. Ohio State Univ.*, 10th Dist. Franklin No. 10AP-1139, 2011-Ohio-3824, ¶ 49. Our review reflects that Smith presented credible evidence that she possessed the minimum objective criteria for employment as a flight attendant based on her education and experience. Therefore, Smith satisfies the third prong of the prima facie case.

{¶15} Nonetheless, the record reflects that Smith failed to raise a genuine issue of fact as to the fourth prong, which requires a showing that comparable or similarly situated, non-protected employees were treated more favorably. To be similarly situated, the parties to be compared must have dealt with the same supervisor, have been subjected to the same standards,

and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. *Janezic v. Eaton Corp.*, 8th Dist. Cuyahoga No. 99897, 2013-Ohio-5436, ¶ 21.

**{¶16}** The record shows differentiating and mitigating circumstances were present in this case. Smith had incurred multiple attendance instances, committed liquor-policy violations on two flights, and submitted a doctor's note that was confirmed to have an altered date. None of the proposed comparable, non-protected employees were shown to be similarly situated.

**{¶17}** Smith argues that there were Caucasian flight attendants who were not disciplined as harshly for attendance issues. She further asserts that pursuant to ExpressJet's policies and procedures, she only would have had four attendance instances (three sick call instances and one UTC instance) at the time of the March 28, 2011 mandatory meeting, and not the seven instances claimed by appellees. However, beyond the attendance issues, a required doctor's note was determined to have an altered date. Smith also proceeded to commit liquor-policy violations.

**{¶18}** Smith claims that she should have received at most a verbal warning for violating the liquor policy and that there were Caucasian flight attendants who violated the liquor policy that only received verbal warnings or were not disciplined. However, Smith had committed liquor-policy violations on two flights and was the only employee who stopped selling liquor on the flights. Further, these violations were coupled with multiple attendance issues.

**{¶19}** Smith argues ExpressJet followed their investigatory policies and procedures with, and provided notice to, the other flight attendants who were terminated for falsifying documents. Smith claims she never received notice that she was being accused of altering the doctor's note, nor did she receive a mandatory investigatory meeting regarding the note prior to disciplinary action being taken. However, the other flight attendants were in fact terminated for falsifying

documents. Unlike the others, Smith's case involved an altered doctor's note submitted for an unexcused absence. Even if appellees failed to follow their policies and procedures in regard to investigating their suspicions that Smith falsified the note, they had confirmed the note had an altered date. Their confirmation of the altered note, together with Smith's multiple attendance instances and liquor policy violations were all outlined in Smith's termination letter. Simply put, the other employees were not shown to be similarly situated.

{¶20} None of the employees referred to by Smith had acquired multiple attendance instances, submitted an altered doctor's note for an unexcused absence, and committed liquor-policy violations. Although Smith places much emphasis on the altered note being the basis for her termination, the attendance issue and liquor-policy violations were discussed at her mandatory meeting, and the termination letter outlined the attendance issues, liquor-policy violations, and the determination that the doctor's note was altered. As indicated by the termination letter, the decision to terminate was made upon review of Smith's "overall dependability record and violation of company policy[.]" Although Smith did not have to show an exact correlation between herself and another similarly situated employee, she was required to show that the proposed comparators were similar in all relevant respects and had engaged in acts of comparable seriousness. *Ames v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 14AP-119, 2014-Ohio-4774, ¶ 42. Smith failed to demonstrate that the proposed comparable employees were similarly situated in all relevant respects.

{¶21} Even assuming, arguendo, that Smith did state a prima facie case of race discrimination in her alleged discharge, she still failed to disprove the appellees' assertion that she was dismissed for a legitimate, nondiscriminatory reason. Appellees presented ample

evidence demonstrating that Smith was not meeting her employer's legitimate job performance expectations.

{¶22} Thus, the burden was on Smith to show that the appellees' reason was false and that discrimination was the real reason for her discharge. To establish pretext, Smith must show that the proffered reasons had no basis in fact, did not actually motivate the adverse decision, or was insufficient to warrant the decision. *See Lascu v. Apex Paper Box Co.*, 8th Dist. Cuyahoga No. 95091, 2011-Ohio-4407, ¶ 27. "Further, 'if a plaintiff is not able to establish that she performed the job at a level which met the employer's legitimate expectations or that the accusation of poor work was only a pretext, the claim for discrimination cannot be successful.'" *Gerding v. Girl Scouts of Maumee Valley Council, Inc.*, 6th Dist. Lucas No. L-07-1234, 2008-Ohio-4030, ¶ 27, quoting *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1160 (6th Cir.1990). In this case, Smith received letters regarding her performance and attendance issues and admitted to the attendance instances and liquor-policy violations outlined in the termination notice. Further, the record reflects that the doctor's note submitted by Smith had an altered date. The record is devoid of any credible evidence that appellees' decision to terminate Smith was merely pretextual and that discrimination was the real reason for her discharge. Accordingly, Smith failed to demonstrate a genuine issue of material fact as to pretext.

{¶23} Upon our review, we find the trial court properly granted appellees' motion for summary judgment. Smith's first assignment of error is overruled. Her second assignment of error, which raises discovery issues, is moot.[2]

---

[2] Smith's second assignment of error claims "[t]he trial court erred in granting appellees' motion to compel Ms. Smith's medical information and records and in refusing to conduct an in camera inspection."

**{¶24}** Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
EILEEN A. GALLAGHER, J., CONCUR