[Cite as *Soltis v. Comfort Keepers*, 2022-Ohio-1672.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| ROSE M. SOLTIS, | : | |
| Plaintiff-Appellant, | : | No. 110792 |
| v. | : | |
| COMFORT KEEPERS, D.B.A.<br>E GROUP INC. ET AL., | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 19, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-941223

## *Appearances:*

Carl G. McMahon, *for appellant*.

Kathryn A. Chubb, *for appellee* Comfort Keepers, d.b.a. E
Group Inc.

Dave Yost, Attorney General, and Daniel A. Kirschner,
Assistant Attorney General, *for appellee* Ohio Bureau of
Workers' Compensation.

LISA B. FORBES, J.:

{¶ 1} Appellant, Rose M. Soltis ("Soltis"), appeals the trial court's order granting summary judgment in favor of appellees Comfort Keepers, d.b.a. E Group Inc. ("Comfort Keepers"), and Stephanie McCloud as administrator of the Bureau of Workers' Compensation (collectively "defendants"). After reviewing the facts of the case and the pertinent law, we affirm.

## I. Facts and Procedural History

{¶ 2} The undisputed facts established in the parties' cross-motions for summary judgment are as follows. Soltis worked as a home health aide for Comfort Keepers. On March 6, 2020, Soltis was involved in a car accident. Soltis filed a claim for workers' compensation benefits alleging that she had been injured during the course and scope of her employment with Comfort Keepers.

{¶ 3} Soltis's claim for workers' compensation benefits was denied on June 9, 2020. Soltis filed an appeal to a district hearing officer ("DHO").

{¶ 4} Soltis's appeal to the DHO was denied, and the denial order was mailed on September 3, 2020. Soltis received the order on September 9, 2020. On September 14, 2020, Soltis mailed her appeal of the DHO's denial order to the Industrial Commission.

{¶ 5} The Industrial Commission stamped Soltis's appeal of the DHO's denial order as received on September 25, 2020. A staff hearing officer ("SHO") denied Soltis's appeal for being "not timely filed" because it was received and filed on September 25, 2020, outside of the 14-day filing deadline. Notice of that denial

was mailed on November 7, 2020. According to Soltis, her appeal of the SHO's order was not entertained by the Industrial Commission. Neither party raised an issue with Soltis's appeal of the SHO's order to the Industrial Commission.

{¶ 6} Soltis filed a notice of appeal of the Industrial Commission's order in the common pleas court on December 10, 2020. On June 10, 2021, Soltis moved for summary judgment. The defendants filed a cross-motion for summary judgment on July 9, 2021.

{¶ 7} The trial court granted the defendants' motion for summary judgment on August 3, 2021, finding that the trial court lacked jurisdiction to hear Soltis's case because she failed "to first exhaust administrative remedies." The case was dismissed with prejudice. It is from this order that Soltis appeals.

## II. Law and Analysis

{¶ 8} Soltis raises the following assignments of error for our review:

> The trial court erred as a matter of law by dismissing plaintiff appellant Rose Soltis workers' compensation claim as untimely.

> The appellant's notice of appeal filed with the industrial commission is valid upon receipt.

> The appellant had fully exhausted her industrial commission administrative remedies thereby granting the trial court jurisdiction for the appeal.

> The industrial commission's failure to promptly process appellant's notice of appeal is not a basis for denying appellant's BWC claim.

(Emphasis omitted.)

{¶ 9} Soltis's arguments under each assignment of error are similar and for ease of analysis all four assignments of error will be addressed together.

{¶ 10} Soltis argues that her workers' compensation appeal was filed timely, and thus, the trial court erred in finding it lacked jurisdiction because she did not exhaust her administrative remedies, and in granting defendants' motion for summary judgment.

{¶ 11} Appellate review of an order granting summary judgment is de novo. *Marusa v. Erie Ins. Co.*, 136 Ohio St.3d 118, 2013-Ohio-1957, 991 N.E.2d 232, ¶ 7. Pursuant to Civ.R. 56(C), the party seeking summary judgment must prove that (1) there is no genuine issue of material fact; (2) they are entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

{¶ 12} R.C. 4123.511 delineates the process for filing appeals of a workers' compensation claim order. Pursuant to that statute, once a claim is denied, that denial can be appealed to a DHO "within fourteen days after the date of the receipt of the order." R.C. 4123.511(B) and (C). The order of the DHO can then be appealed to a SHO "within fourteen days after receipt of the order * * *." R.C. 4123.511(C) and (D). The order of the SHO can be appealed to "the commission or a designated staff hearing officer, on behalf of the commission to determine whether to hear the appeal." R.C. 4123.511(E). An order pursuant to R.C. 4123.511(E), including an order not to hear the appeal, may be appealed to the common pleas court. R.C. 4123.512. Appeals to the Industrial Commission may be filed electronically or in writing. Ohio Adm.Code 4121-3-18(B).

{¶ 13} Here, Soltis's dispute relates to her appeal of the DHO's order denying her claim. Pursuant to R.C. 4123.511(D), Soltis had 14 days from receipt of the DHO's order to appeal to the SHO. The DHO mailed its order on September 3, 2020. Soltis received the DHO's denial on September 9, 2020.

{¶ 14} Soltis does not dispute that she had until September 23, 2020, to file an appeal to the SHO. According to Soltis, she mailed her appeal to the Industrial Commission on September 14, 2020. While Soltis speculates that the notice mailed on September 14, 2020, "would have" or "should have" been received by September 18, 2020, evidence in the record demonstrates that Soltis's appeal was not received by the Industrial Commission until September 25, 2020 when it was stamped "received" and filed. Therefore, Soltis's appeal of the DHO's order was untimely. "[A] common pleas court lacks jurisdiction to consider the appeal of a final [Industrial Commission officer's] decision when an appeal is not timely taken from the underlying administrative decision." *Nicholas v. Gayston Corp.*, 12th Dist. Warren Nos. CA99-01-012, CA99-01-013, and CA99-01-014, 2000 Ohio App. LEXIS 5144, 10 (Nov. 6, 2000).

{¶ 15} Because the Industrial Commission received Soltis's appeal from the DHO's order on September 25, 2020, Soltis did not timely appeal the DHO's order, and the trial court correctly found that it was without jurisdiction to hear her appeal. Accordingly, Soltis's assignments of error are overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN T. GALLAGHER, J., CONCUR