Lanzinger, J.,
concurring.
{¶ 17} I concur in judgment only for reasons expressed in my dissent in Snyder v. Am. Family Ins. Co., 114 Ohio St.3d 239, 2007-Ohio-4004, 871 N.E.2d 574. As Judge Stewart remarked in her dissent to the application of Snyder in this case,
The broader principle at issue here, and the one that apparently troubles the majority, too, is the prospect that an insured who specifically pays for UM coverage could be denied that coverage simply because the tortfeasor happened to be immune from liability, despite being fully at fault as is the case here. UM coverage is designed just for these types of situations, yet court decisions have effectively denied a significant number of people insurance coverage that they pay for, and think that they have, but do not. This is an intolerable state of the law and one I hope is quickly rectified.
Marusa v. Erie Ins. Co., 8th Dist. No. 96556, 2011-Ohio-6276, 2011 WL 6145757, ¶ 25 (Stewart, P.J., dissenting).
{¶ 18} Erie’s policy provides that “uninsured motor vehicle” means a motor vehicle “for which the owner or operator of the ‘motor vehicle’ has immunity *123 under the Ohio Political Subdivision Tort Liability Law or a diplomatic immunity.”
{¶ 19} And it also provides:
OUR PROMISE
“We” will pay damages for bodily injury that “anyone we protect” or the legal representative of “anyone we protect” are legally entitled to recover from the owner or operator of an “uninsured motor vehicle” or “underinsured motor vehicle.”
(Emphasis added.)
{¶ 20} The majority opinion holds that Erie’s specific definition of “uninsured motor vehicle” trumps the broader “legally entitled to recover” language. This is one way to hold Erie to its coverage promise. But in Snyder, this court held that use of the language “legally entitled to recover” excludes recovery of uninsured-motorists benefits when the tortfeasor is immune under R.C. Chapter 2744. Id. at ¶ 24 and 29. I would forthrightly overrule Snyder rather than simply distinguish it as a case premised on the statutory definition of “uninsured motor vehicle” rather than the policy definition.
{¶ 21} By amending R.C. 3937.18(A) in 2001 Am.Sub.S.B. No. 97, the General Assembly made clear that insurers were no longer obligated to offer uninsured- and underinsured-motorist (“UM/UIM”) coverage as part of a motor-vehicle liability policy. 149 Ohio Laws, Part I, 779, 779-780. In addition, insurers who now choose to offer UM/UIM coverage within a policy are granted the freedom to limit or exclude UM/UIM coverage under “specified circumstances.” R.C. 3937.18(1). That section, however, says nothing about modifying statutory definitions. By considering the term “legally entitled to recover” as a “specified circumstance” under R.C. 3937.18(1), Snyder allowed an insurance contract containing this language to invalidate R.C. 3937.18(B)(5)’s definition of “uninsured motorist.”
{¶ 22} Although R.C. 3937.18 no longer contains the term “legally entitled to recover,” the idea remains that a plaintiff injured by an uninsured motorist must still prove the elements of the claim:
With respect to the uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages included in a policy of insurance, an insured shall be required to prove all elements of the insured’s claim that are necessary to recover from the owner or operator of the uninsured or underinsured motor vehicle.
*124 Caravona & Berg, L.L.C., Donald E. Caravona, and Aaron P. Berg, for appellants.
Hanna, Campbell & Powell, L.L.P., Robert L. Tucker, John R. Chlysta, and Emily R. Yoder, for appellee.
(Emphasis added.) R.C. 3937.18(D); compare 1997 amendment to R.C. 3937.18(A), 1997 Am.Sub.H.B. No. 261, 147 Ohio Laws, Part II, 2372, 2373 (“legally entitled to recover” means that the insured is able to prove the elements of the claim for damages from the tortfeasor).
{¶ 23} I would hold that a policy that defines an uninsured motor vehicle as a vehicle owned or operated by one with political-subdivision immunity does not exclude the promise of UM/UIM insurance coverage by using the term “legally entitled to recover” in the insuring clause. I do not believe that we can continue to hold that these words effectively demolish the UM/UIM protection that the insured expects to receive in such a policy.
O’Connor, C.J., concurs in the foregoing opinion.