[Cite as *Lee v. Ballard*, 2015-Ohio-5517.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SAMUEL D. LEE, ET AL. | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiffs-Appellants | |
| -vs- | Case No. 2015CA00051 |
| DAVID L. BALLARD, ET AL. | |
| Defendants-Appellees | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2013CV0464

JUDGMENT:      Affirmed, in part; Reversed, in part; and Remanded

DATE OF JUDGMENT ENTRY:      December 28, 2015

APPEARANCES:

For Defendants-Appellees -
David Ball and The City of Canton

KEVIN R. L'HOMMEDIEU
CRAIG E. CHESSLER
Canton Law Department
218 Cleveland Ave, SW
Canton, Ohio 44701

For Defendants-Appellees
Progressive Specialty Ins. So.

Michael R. Shanabruch
625 Alpha Drive – Box #011 B
Highland Heights, Ohio 44143-2114

For Plaintiffs-Appellants –
Samuel D. Lee & Anna L. Lee

RICHARD P. KUTUCHIEF
The Law Building
159 South Main Street, Suite 807
Akron, Ohio 44308

*Hoffman, P.J.*

{¶1}    Plaintiffs-appellants Samuel and Anna Lee ("the Lees) appeal the February 27, 2015 Judgment Entry entered by the Stark County Court of Common Pleas granting summary judgment in favor of Defendants-appellees David L. Ballard, the City of Canton and Progressive Specialty Insurance Company.

STATEMENT OF THE FACTS AND CASE

{¶2}    On February 12, 2011, the Lees were traveling westbound on Route 30 in Canton, Ohio and were involved in an automobile accident.  Route 30 has three westbound lanes at the scene of the accident.

{¶3}    Around 9:30 a.m. on that day, David Ballard, an employee of the Street Department for the City of Canton, was maintaining a portion of Interstate 77/Route 30 in Canton, Ohio.  Ballard received a call from dispatch regarding an overhead bridge near the Dueber overpass.  The call relayed information concerning debris in the highway and debris hanging from an overhead bridge onto portions of Route 30.

{¶4}    Ballard was operating a salt truck at the time which contained a full load of salt.

{¶5}    At the same time Ballard arrived at the bridge, an Ohio state trooper arrived at the scene.  Ballard and the trooper proceeded to remove the debris from the highway. Ballard then observed a piece of debris hanging from a bridge overhead of Route 30.  At the time, the trooper had his cruiser operating with full rotating, flashing, and oscillating lights.

{¶6}    The trooper proceeded to leave the scene to answer another call and Ballard moved his salt truck into the center lane of Route 30 to block the lane of traffic, to

protect himself, other vehicles and persons from the debris hanging from the bridge. Ballard radioed for help in getting the debris off the bridge. He activated his four-way flashers, located beneath the rear bumper of the truck, between the rear wheels.  He also activated the flashing red and amber lights located on the rear panel of the salt truck.

{¶7}    Ballard was in that position for only a few seconds, and had intended to direct traffic and place warning triangles and flares outside, when the salt truck was struck by the Lees' vehicle.

{¶8}    As a result of the collision, Samuel Lee was charged with Assured Clear Distance in the Canton Municipal Court, Case No. 2011 TRD 00988, *City of Canton v. Samuel Davis Lee*.  Mr. Lee was subsequently found not guilty.

{¶9}    The Lees filed a personal injury action against David Ballard, the City of Canton, and the Lees insurance carrier, Progressive Specialty Insurance Company, alleging negligent and/or reckless operation of a motor vehicle and requesting coverage under the terms of their insurance policy.  Progressive filed a cross-claim against Ballard.

{¶10}  On May 2, 2014, Progressive, the Lees and the City of Canton filed separate motions for summary judgment.

{¶11}  Via Judgment Entry of February 27, 2015, the trial court granted summary judgment in favor of David Ballard and the City of Canton finding they were immune from liability.  The trial court further granted summary judgment in favor of Progressive Specialty Insurance Company finding no obligation to cover the Lees under the terms of their insurance policy. The trial court further found Samuel Lee was negligent per se.

{¶12}  It is from that judgment entry the Lees prosecute this appeal, assigning as error,

{¶13} "I. THE COURT ERRED IN GRANTING SUMMARY JUDGMENT AS THE VIDEO IN EVIDENCE AND MR. LEE'S AFFIDAVIT/TESTIMONY DEMONSTRATES CLEARLY THAT REASONABLE MINDS CAN COME TO MORE THAN ONE CONCLUSION REGARDING LEE'S NEGLIGENCE IN THIS MATTER, AS THIS CASE IS NOT AN ASSURED CLEAR DISTANCE CASE, BUT RATHER ONE OF RECKLESS PARKING ON THE HIGHWAY BY BALLARD. THE UNDISPUTED FACT IS SUCH PARKING IN UNSAFE.

{¶14} "II. THE COURT ERRED IN FINDING IMMUNITY UPON THE CITY OF CANTON AS REASONABLE MINDS CAN COME TO MORE THAN THE CONCLUSION THAT DAVID BALLARD WAS NOT 'RECKLESS'.

{¶15} "III. THE COURT ERRED IN FINDING THAT THE LEES WERE NOT ENTITLED TO COVERAGE UNDER THEIR POLICY OF INSURANCE FROM PROGRESSIVE."

{¶16} We elect to address the Lees' assignments of error out of order.

II.

{¶17} Herein, the Lees assert reasonable minds could differ as to whether Ballard's conduct was reckless.[1]

{¶18} "Reckless conduct" is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the

---

[1] Within this assignment, the Lees also argue the trial court erroneously concluded the City of Canton was not liable for Ballard's **negligent** operation of the salt truck under R.C. 2744.02(B)(1). The Lees contend the trial court erroneously found R.C. 4511.03 applied to restore immunity. We will not address that argument as it was not separately assigned as error. See, *CSAHA/UHH – Canton, Inc. v. Aultman Health Foundation*, et al., March 5 2012, Fifth District Stark County No. 2010CA0303, 2012-Ohio-897, at ¶62. We limit our discussion to the assigned error regarding whether Ballard's conduct was **reckless**.

circumstances and is substantially greater than negligent conduct. *Anderson v. The City of Massillon,* 134 Ohio St.3d 380, 2012-Ohio-5711.

**{¶19}** In analyzing this issue, the trial court held:

Upon a review of the pleadings and evidence in the present action this Court finds that there are no facts that Mr. Ballard consciously disregarded or that he was indifferent to a known or obvious risk of harm that was unreasonable under the circumstances. It is clear that the dangling metal door posed an immediate hazard to the passing motorists. At some point, a vehicle was going to have to park in the middle of Route 30 to remove the metal door. Had Mr. Ballard waited for another truck to appear, the metal door could have fallen and caused an accident, injury or worse. Further, there is no evidence that the manner in which Mr. Ballard blocked off traffic would "in all probability result in injury." Therefore, this Court finds that in construing the evidence in favor of the plaintiffs, reasonable minds could come to but one conclusion and that would be that Mr. Ballard's conduct does not demonstrate a "disposition to perversity" and thus his decision to stop in the road was not reckless, and the manner in which he stopped the Salt Truck in the road was not reckless.

P. 11-12 of February 27, 2015 Judgment Entry.

**{¶20}** We agree. In doing so, we also find significant the fact upon parking the salt truck, Ballard activated the four-way flashers under the rear bumper and also activated the flashing lights on the rear panel of the truck.

**{¶21}** Appellant's second assignment of error is overruled.

I.

**{¶22}** Having found Ballard's decision to park the salt truck so as to barricade the lane did not amount to "reckless" conduct, we find any analysis as to whether the trial court erroneously determined Lee was negligent per se unnecessary under the two issue rule.[2] Even if Lee was not negligent, let alone not negligent per se, such fact would not be relevant to whether Ballard's conduct was or was not reckless.[3]

**{¶23}** The Lees' first assignment of error is overruled.

III.

**{¶24}** Herein the Lees claim even if the City of Canton and Ballard are immune from liability, the trial court erroneously found their Progressive auto insurance policy did not provide them uninsured motorist coverage. We agree.

**{¶25}** Progressive concedes a finding of immunity means the City of Canton and Ballard are "uninsured motorists" under the terms of its policy. But Progressive points us to PART III – UNINSURED/UNDERINSURED MOTORIST COVERAGE of the policy, which provides:

**{¶26}** If you pay the premium for this coverage, we will pay for damages that an insured person is *legally entitled to recover* from an uninsured motorist or underinsured motorist because of bodily injury * * *

---

[2] A finding of immunity is not equivalent to a finding of no fault. Though immune from liability, Ballard may still be found to be at fault for causing the accident.

[3] The trial court expressly noted in its judgment entry based upon its determination Canton and Ballard are immune, it was not necessary to determine Lee's liability.

**{¶27}** Progressive argues because the City of Canton and Ballard are immune from liability, the Lees are not legally entitled to recover from the uninsured motorist. The trial court agreed.

**{¶28}** In support, Progressive and the trial court both relied on *Snyder v. American Family Insurance,* 114 Ohio St.3d 239, 2007-Ohio-4004, in which the Ohio Supreme Court found a plaintiff injured as the result of a motorist who was immune from liability could not recover uninsured motorist coverage benefits under an insurance policy which required the insured plaintiff be "legally entitled to recover." The Ohio Supreme Court did not mention whether the policy at issue therein contained a definition for "uninsured motorist" as does the Progressive policy herein.[4]

**{¶29}** The Lees counter by citing *Payton v. Peskins*, (Aug. 8, 2011) Twelfth District, 2011-Ohio-3905, where the court distinguished the holding in *Snyder* based upon language in the policy at issue therein which is the same as that in the case sub judice.

**{¶30}** The *Payton* court held:

**{¶31}** (¶11) Under the uninsured/underinsured portion of Payton's insurance policy with Progressive, Part III states that Progressive "will pay for damages that an insured person is legally entitled to recover from an uninsured motorist or underinsured motorist because of bodily injury." However, and unlike Snyder, the Progressive policy at issue goes on to state, "an 'uninsured motorist' does not include an owner or operator of a motor vehicle: (c) that is owned by any governmental unit or agency unless the operator of the motor vehicle has immunity under Chapter 2744 of the Ohio Revised Code

---

[4] We acknowledge The Ohio Supreme Court in *Snyder* did reference the statutory definition of "uninsured motorists" which is similar to the one in the Progressive policy.

(relating to certain political subdivisions operating a fire department, police department, or emergency medical service)." (Emphasis added.)

**{¶32}** (¶12) The additional wording contained in Progressive's policy (which was not in the American Family policy) clearly informed the insured that he could recover damages caused by an uninsured motorist, including a vehicle operator who has statutory immunity.

**{¶33}** (¶13) While the preamble to Part III states that Progressive will pay only that which an insured is "legally entitled to recover," the fact that the policy goes on to state that the policy excludes a vehicle owned by a governmental unit unless the operator has immunity wholly distinguishes this case from Snyder. (emphasis added).

**{¶34}** The *Payton* court based its decision upon the rule governing contractual interpretation that the specific coverage provision defining "uninsured motorist " take precedence over the more general preamble to Section III.

**{¶35}** We agree with the *Payton* court's analysis. We find the trial court erred in finding no uninsured motorist coverage was provided the Lees under their Progressive insurance policy.

**{¶36}** The Lees' third assignment of error is sustained.

{¶37} The judgment of the Stark County Court of Common Pleas is affirmed, in part; reversed, in part; and remanded for further proceedings in accordance with this Opinion and the law.

By: Hoffman, P.J.

Farmer, J. and

Baldwin, J. concur